## BOURLAND *et al.* v. LANGFORD.

### No. 2288.   Opinion Filed November 26, 1912.

#### (128 Pac. 240.)

1. **APPEAL AND ERROR**—Rulings on Injunction—Review.   The matter of granting or dissolving a temporary injunction is largely within the discretion of the court; and its action in such cases will not be disturbed, unless there has been a palpable abuse of discretion.

2. **INJUNCTION**—Temporary Injunction—Dissolution.   Where the evidence showed that on one occasion a party endeavored to gain possession of land by inducing a tenant of the party in possession to let him in, but did not show that he intended to make further attempt, and did not show that he ever threatened to use force to get possession, an order of court dissolving a temporary injunction restraining him from taking possession will not be reversed.

(Syllabus by Rosser, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by W. C. Langford against W. F. Bourland and others. From an order dissolving an injunction restraining plaintiff from taking possession of the land pending the suit, W. F. Bourland and certain others bring error. Affirmed.

*Jones & Green* and *P. T. Hamilton,* for plaintiffs in error.

*Chas. E. Davis,* for defendants in error.

Opinion by ROSSER, C.   This is an appeal from the district court of Jefferson county. The plaintiff, W. C. Langford, brought the suit against W. F. Bourland, Webb, Allen & Melton, a copartnership composed of Sidney Webb, J. L. Allen, and A. W. Melton, W. F. Haygood, and R. N. Coffee to quiet title to certain land in Jefferson county. The petition alleged that the plaintiff was the owner and in possession of the land. The defendants answered denying his ownership and right to possession, and alleged that they had been in peaceable possession of the land for many years, and that "the said plaintiff was threatening to take possession of said premises by force, and to force the

same, and to deny these defendants the right to enjoy the pos-
session of the same, thereby subjecting these defendants to ex-
pensive litigation in regaining the possession thereof, and hin-
dering and delaying them in their proper enjoyment of their
said possession, for which they have no adequate remedy at law;
that the plaintiff, W. C. Langford, is insolvent"—and prayed
for an injunction to prevent the plaintiff from taking possession,
and restraining him from fencing the land, or exercising any
other right of ownership or control over the land, "during the
pendency of this suit." In the absence of the district judge, the
county judge issued a temporary restraining order restraining
the plaintiff, during the pendency of the suit, from taking posses-
sion of, or attempting to take possession of, the land. The plain-
tiff afterward filed a motion to dissolve the injunction', and after
a hearing the district judge dissolved the temporary injunction.
This appeal is from the order of the district judge dissolving
the temporary injunction.

The answer of the defendants upon which the injunction
was issued alleged that the defendants were the owners of the
land. Their answer only amounted to a denial of the plaintiff's
right, and alleged that they were in peaceable possession.

The dissolution of a temporary injunction, as well as the
granting thereof, is, to a certain extent, within the discretion of
the court; and except in the case of palpable abuse the appellate
court will not reverse an order dissolving a temporary injunc-
tion. *Cunningham v. Ponca City*, 27 Okla. 858, 113 Pac. 919;
*Bristow v. Carriger*, 24 Okla. 324, 103 Pac. 596, 25 L. R. A.
(N. S.) 451.

In this case the evidence showed that the plaintiff endeavored
on one occasion to take possession of the land; but there is no
evidence that he intended to make further attempt in that direc-
tion, and nothing to show that he intended to do any injiury or
waste on the land. On the other hand, the evidence shows that
he had begun to build a fence thereon. Neither is there any proof
that he attempted to use force or violence in order to effect an

entrance. He merely endeavored to induce a tenant on the place to let him into possession. Under such circumstances it was not an abuse of discretion for the court to dissolve the temporary injunction.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.