## MURPHY v. FITCH.

No. 2395.     Opinion Filed January 28, 1913.

(130 Pac. 298.)

1.     **INJUNCTION** — Abolition of Writ—Effect of Statehood.     That part of section 5755, Comp. Laws 1909 abolishing the writ of injunction was not continued in force by section 2 of the Schedule of the Constitution at the erection of the state.

2.     **SAME**—Authorization of Writ.     The writ of injunction was made available at the erection of the state by sections 2 and 10, art. 7, of the Constitution.

(a)     The writ of injunction is not an exclusive remedy in this state.

(b) The statutory provisions as contained in sections 5755, 5756, and 5757, Comp. Laws 1909, except that part of section 5755 which abolishes the writ of injunction, were continued in force after the erection of the state by section 2 of the Schedule of the Constitution, and are cumulative remedies.

3. SAME—When Granted. Where certain lots were in possession of F., claiming title thereto, and the same are sought to be taken forcible possession of by M., who claimed an adverse title, F.'s possession may be preserved until the final determination as to the title by means of injunction.

4. APPEAL AND ERROR—Objections Not Made Below. It is too late to make objection, for the first time, in the Supreme Court that a waiver of a trial by jury had not been made, or did not appear of record in the trial court.

(Syllabus by the Court.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action between Uriah Murphy and G. F. Fitch. From the judgment, Uriah Murphy brings error. Affirmed.

*R. W. Skipper, Stevens & Meyers,* and *T. B. Orr,* for plaintiff in error.

*Hudson & Whalin,* for defendant in error.

WILLIAMS, J. Plaintiff, in his petition, alleged as follows:

"That he is now and was at all times hereinafter set out and ever since * * * the owner in fee simple and in the lawful possession of lots 7 and 8, in block 46, in the town of Temple, Comanche county, state of Oklahoma, together with the appurtenances thereunto belonging, and the defendant herein, on the 14th day of January, 1911, unlawfully entered upon said premises of this said plaintiff and with gun in hand then and there threatened and attempted to shoot and kill said plaintiff, and then and there threatened to take possession of said lots and the buildings and improvements thereon from this plaintiff; that said defendant still continues to threaten to hurt said plaintiff, and to take from said plaintiff said premises, and to possess himself therewith, and to take the household effects therein belonging to this plaintiff and hold them and said house and said lots against the interests and to the great and irreparable injury and loss to this plaintiff.

"Plaintiff further says that, unless said defendant is restrained and enjoined from molesting said plaintiff in his posses-

sion of said premises, he will carry his said threats into execution, and will harm and injure said plaintiff in his person and in his effects, and especially will he do irreparable injury to the said premises; that said premises consist of two lots, a thirteen-room house, a cistern and out-house, a storm cave, and other improvements, and that said house is partially furnished with beds and other furnishings and fixtures, all the property of this plaintiff, and all of which is liable to be and will be injured by said defendant, unless he is restrained and enjoined, as aforesaid; that said defendant has threatened to scare and drive this plaintiff away from said premises, and has threatened to shoot and kill this plaintiff if he did not quit and leave said premises,.and deliver the same up to said defendant, and plaintiff verily believes he will do harm to the person of said plaintiff and great and irreparable injury to the property of said plaintiff if he is not restrained from so doing; that said defendant is insolvent, and this plaintiff has no adequate remedy at law."

Then follows a prayer that all parties interested "with him [defendant] in any manner. in the disturbance .of the peaceful possession of this plaintiff, including any one acting with him as agent, employee, or otherwise, be perpetually enjoined and restrained from entering upon plaintiff's said premises, and from in any manner interfering with said plaintiff in his possession of said premises, or in any manner attempting to interfere with the household effects of said plaintiff, and for all other and further relief and for costs."

On January 17, 1911, a temporary injunction was granted as prayed for. On January 18, 1911, defendant filed a motion asking that said injunction be dissolved, said motion being supported by affidavits; but said motion and affidavits are sought to be brought before this court as a part of the transcript, which is not permissible, and therefore cannot be considered here on review for any purpose. *Richardson et vir v. Beidleman et al.,* 33 Okla. 463, 126 Pac. 816, and authorities therein cited.

The record discloses that by a court order the motion of the defendant to dissolve the injunction granted on January 17,.1911, was overruled on February 4, 1911, and the injunction theretofore granted on January 17, 1911, was in all matters and things sustained. The journal entry further states:

"It is further ordered and adjudged by the court that the defendant, Uriah Murphy, do quit, vacate, and surrender up the premises hereinafter described to the plaintiff, G. F. Fitch, within ten days from this date, and upon his failure to do so the sheriff of Comanche county is hereby directed to move the said Uriah Murphy, and any household effects and properties that he may have placed on said premises, off of said premises and put the said Fitch in full possession of said premises; the said premises being lots seven (7) and eight (8), in block forty-six (46), and the improvements thereon, in the town of Temple, Comanche county, state of Oklahoma."

The defendant challenged the sufficiency of plaintiff's petition by general demurrer. It appears from the record that evidence was heard by the court before said order was entered.

Did the petition state (1) a cause of action, and was the order (2) entered in excess of the power of the court?

The statutes in this state relative to injunctions and the granting of the same are as follows:

"The injunction provided by this Code is a command to refrain from a particular act. It may be the final judgment in an action, or may be allowed as a provisional remedy, and, when so allowed, it shall be by order. The writ of injunction is abolished." (Section 5755, Comp. Laws 1909.)

"When it appears, by the petition, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do or is procuring or suffering to be done, some act in violation of the plaintiff's right respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act. And when, during the pendency of an action, it shall appear, by affidavit, that the defendant threatens or is about to remove or dispose of his property with intent to defraud his creditors, or to render the judgment ineffectual, a temporary injunction may be granted to restrain such removal or disposition. It may, also, be granted in any case where it is specially authorized by statute." (Section 5756, Comp. Laws 1909.)

"The injunction may be granted at the time of commencing the action, or any time afterwards, before judgment by the district court, or the judge thereof, or, in his absence from the coun-

ty, by the county judge, upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff or his agent, that the plaintiff is entitled thereto." (Section 5757, Comp. Laws 1909.)

The writ of injunction was abolished by said section 5755, but the same seems to have been revived by sections 2 and 10 (sections 187 and 195, Williams' Ann. Const. Okla.), art. 7, of the Constitution of this state. *Baker v. Newton et al.*, 22 Okla. 658, 98 Pac. 931; *Newhouse v. Alexander*, 27 Okla. 46, 110 Pac. 1121, 30 L. R. A. (N. S.) 602, Ann. Cas. 1912B, 674.

However, the writ of injunction is not an exclusive remedy in this state. The statutory provisions as contained in sections 5755, 5756, and 5757, except that part of section 5755 which attempts to abolish the writ of injunction, appear to have been brought over by section 2 of the Schedule (section 364, Williams' Ann. Const. Okla.), and to be cumulative. *Newhouse v. Alexander, supra; State ex rel. Huston*, 27 Okla. 606, 113 Pac. 190, 34 L. R. A. (N. S.) 380.

The petition stated a cause of action. *Glasco v. School District*, 24 Okla. 236, 103 Pac. 687, and authorities therein cited; *Black v. Jackson*, 177 U. S. 349, 20 Sup. Ct. 648, 44 L. Ed. 801.

It is too late to make objection, for the first time, in this court that waiver of a trial by jury had not been made, or did not appear of record in the trial court. *Farmers' Nat. Bank v. McCall*, 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217; *Johnston et ux. v. Haynes*, 68 N. C. 509.

So, too, the question as to the parties hereto being entitled to a right of trial by jury on the issue as to the ownership of the title to said premises is not involved in this review. The parties to said action being entitled to a jury trial, unless the same was waived as to such issues, a verdict of a jury should have been had and judgment rendered thereon, and then, as an incident thereto, the mandatory relief could have been properly awarded.

On the matters as disclosed by the transcript, no error is apparent. Pomeroy, Eq. Jur. (Student's Ed.) sec. 1359; *Smith v. Speed*, 11 Okla. 95, 66 Pac. 511, 55 L. R. A. 402; *Long v. Kasebeer*, 28 Kan. 226; *Webster v. Cooke*, 23 Kan. 640;

*Whitecar v. Michenor,* 37 N. J. Eq. 6; *Broome v. Telephone Co.,* 42 N. J. Eq. 141, 7 Atl. 851; *Hodge v. Giese,* 43 N. J. Eq. 342, 11 Atl. 484; *Wheelock v. Noonan,* 108 N. Y. 179, 15 N. E. 67, 2 Am. St. Rep. 405; *Corning v. Troy Iron & Nail Factory,* 40 N. Y. 191; *Church v. Gristgau,* 34 Wis. 328; *Big Six Develop-ment Co. v. Mitchell,* 138 Fed. 283, 70 C. C. A. 569, 1 L. R. A. (N. S.) 332; *Sugar-Pine Lbr. Co. v. Lbr. & Imp. Co.* (C. C.) 86 Fed. 528; *United States v. Brighton* (C. C.) 26 Fed. 218; *In re Lennon,* 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1113; *Garretson v. Cole,* 1 Har. & J. (Md.) 373; *Webb v. Portland Mfg. Co.,* 3 Summ. 189, Fed. Cas. No. 17,322; *Manchester v. Worksop,* 23 Beav. 198; *Spencer v. London Ry. Co.,* 8 Sim. 193; *Harbison v. White,* 8 Rep. (N. S.) 586; *Goddson v. Richardson,* 9 Chan. Ap. 221; *Martyr v. Lawrence,* 2 De G., J. & S. 261; *Cole-Silver Mining Co. v. Virginia,* 1 Sawy. 685, Fed. Cas. No. 2,990.

We have treated the order appealed from as a final order or decree, as contended for by counsel for the plaintiff in error, and examined the record carefully and passed on the only questions that could properly be raised on a transcript.

The judgment of the lower court is affirmed.

All the Justices concur.