### WEBB v. BOWMAN *et al.*

No. 7126.   Opinion Filed May 4, 1915.

Rehearing Denied June 8, 1915.

(149 Pac. 159.)

**APPEAL AND ERROR—Injunction — Discretionary Ruling.** The granting of a temporary injunction is a matter within the discretion of the trial court, and such action of the court will be reversed only for abuse of discretion.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;
Geo. W. Clark, Judge.*

Injunction by J. W. Webb against T. G. Bowman and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. P. Harper,* for plaintiff in error.

*Wilson & Tomerlin,* for defendants in error.

BROWN, J. This case comes to us on error by plaintiff below to reverse the action of the district court of Oklahoma county denying the petition for temporary injunction to restrain the sale of certain real estate.

Three assignments of error are made, the first two of which are included in the last, which is: "That the court erred in denying plaintiff's application for a temporary injunction in said action."

Plaintiff's verified petition was filed in the district court January 18, 1915, and on the same day the application by order of the court was set for hearing January 26, 1915, at which time defendants were ordered to show cause why the temporary injunction prayed for should not be issued, and at the same time the trial court ordered that defendants be restrained from selling or incumbering said land or from interfering with plaintiff's possession

thereof until further ordered by the court. On January 26, 1915, both parties appeared in said cause, and a hearing was had upon the application for injunction, and evidence was offered by the respective parties for and against the injunction prayed for. And on February 1, 1915, the court rendered judgment denying the injunction prayed for, to which plaintiff excepted.

The single question for our consideration is: Did the court err in denying plaintiff the injunction prayed for?

The petition alleged that plaintiff was in possession of the land described therein, having purchased the same subject to a mortgage of $3,000, interest and attorney fees, which had been assigned to T. G. Bowman, one of the defendants below; that on January 9, 1914, an action was brought to foreclose the mortgage, and Bowman recovered judgment in the sum of $3,303.32, principal and interest, and for $322.50 as attorney fees. The judgment provided that no order of execution should issue until the expiration of six months. Plaintiff in error alleges that after said judgment was rendered it was orally agreed between him and T. G. Bowman, the plaintiff in the judgment, that he (Webb) should not seek to have the judgment set aside for irregularities appearing therein and should not resist the order of sale or sale thereunder, and should not bid on the land at the sale or procure any other person to do so, but should permit the land to be bid in by the plaintiff, Bowman, to whom the sheriff's deed should be executed, and that Webb should have one year from the date of the sale to pay Bowman the full amount of the judgment, costs, and attorney's fees, with interest thereon at the rate of 10 per cent. per annum, and upon such payment Bowman was to reconvey said lands to Webb, and that in the meantime Webb should remain in possession of the land; and that in pursuance of said oral agreement Webb did refrain from attacking said judg-

ment and from resisting said sale and from bidding thereon or procuring others to bid for the land, and permitted Bowman to bid the same in, to whom the sheriff executed a deed September 14, 1914. The petition further alleges that Bowman threatens to sell said land so that said oral agreement cannot be performed, and that he is threatening to dispossess plaintiff. The petition alleges that defendant McQueen is attorney and agent for Bowman and is aiding him to sell the land and is attempting to dispossess plaintiff, and that defendant Binion is sheriff and is threatening to dispossess plaintiff under a writ placed in his hands for that purpose. The petition prays that Bowman be enjoined from selling or incumbering the land and interfering with his peaceful possession thereof, and that said sheriff's deed be adjudged a mortgage and Bowman be required to execute a deed of defeasance providing for the conveyance of said lands to plaintiff npon payment of such debt; that on final hearing the injunction be made perpetual.

It does not appear that defendants filed any pleading or answer to plaintiff's petition and application for injunction, and that on the day set for the hearing thereof both parties appeared and participated in the hearing. The evidence shows that T. G. Bowman was a nonresident of Oklahoma, and was represented by defendant McQueen as his attorney in procuring the judgment of foreclosure and in all the matters and transactions thereafter relating to said judgment and the settlement and payment thereof. Plaintiff Webb testified in his own behalf that he purchased the land described in his petition several years prior thereto, subject to the mortgage foreclosed in favor of defendant Bowman. Webb's evidence was, in substance, that, after rendition of the judgment foreclosing the mortgage, there was an understanding between him and McQueen, attorney for Bowman, plaintiff in the judg-

ment, that Webb was to offer no resistance or obstacle to the sale of the land under the judgment, and that the same might be bid in by Bowman, plaintiff; and that thereafter, if Webb would reduce the judgment to $3,000, either by payment himself or through a sale thereof effected by him, then he was to have one year in which to pay the remaining $3,000, together with interest thereon at the rate of 10 per cent. per annum. This was an oral agreement or understanding between Webb and Bowman's attorney, McQueen, and it is not shown that Bowman had any knowledge thereof, or that McQueen had any authority from Bowman to make such agreement. The evidence further shows an order of sale was issued on the mortgage foreclosure judgment and the land sold in September, 1914, and bid in by McQueen for his client, Bowman, at $2,500, and deed executed by the sheriff to Bowman therefor; and that Webb did not bid on the land or procure any other person to do so. The evidence further shows that Webb made repeated efforts to secure a purchaser for the land after the sheriff's sale, and, by the terms of such purchase, to cause the judgment to be reduced to $3,000, and the purchaser or Webb given one year thereafter in which to pay that sum with interest, and that Webb was unable to effect such arrangement, and nothing was ever paid on the judgment. Webb was repeatedly informed by McQueen that Bowman was demanding possession of the land, Webb having continuously occupied the land from the date of the foreclosure judgment, and at the time this suit was instituted McQueen, attorney for Bowman, had procured a writ of possession to be issued in said cause and placed in the hands of the defendant Binion, sheriff of Oklahoma county, for the purpose of dispossessing Webb. Webb testified that he gave McQueen a check for $187 to be applied on this judgment. The evidence shows this check was the same given by the county treasurer to Webb as a rebate on excessive assessment of this

land for taxes, and that Webb subsequently indorsed the check over to McQueen, and that McQueen, as attorney for Bowman, carried the check back to the county treasurer and paid the balance of the taxes against this land, so that Webb was out nothing and neither Bowman nor McQueen received anything by reason of this check. Webb testified that just before the bringing of this suit McQueen demanded possession of him, and told him his client was insisting upon being placed in possession of this land, and that he told McQueen he was working as hard as he could to effect a sale by which he could save his equity. There was no evidence or contention as to Webb's ability to pay the judgment or any part thereof unless he could effect a sale of the land upon such terms as would reduce the judgment to $3,000. He said the understanding with McQueen was that if this character of arrangement could be made, Bowman would deed the land to such purchaser, taking a mortgage for $3,000 balance of the judgment. More than a year has elapsed since the date of Bowman's judgment, and no part of it has been paid.

According to Webb's testimony, no time was fixed in his alleged agreement with McQueen in which Webb was to procure a purchaser, etc., and reduce Bowman's judgment to $3,000. McQueen, testifying as a witness for plaintiff, denied that he made any agreement with Webb as claimed by him; but McQueen said, after the judgment of foreclosure was rendered, he told Webb if the judgment was reduced to $3,000 he would use his influence to get Bowman to wait a year for the balance, which was to bear 10 per cent. interest per annum; that Bowman did agree to do this; and that he (McQueen) had tried to assist Webb to make such arrangement, but that Webb had been unable to do so.

After hearing the evidence, the court below found, in effect, that Webb had no right to withhold possession from

Bowman, or to prevent Bowman from selling or incumbering the same; and therefore denied the injunction.

We think the judgment of the court was correct. There was no evidence tending to show that McQueen, Bowman's attorney, had any authority to make the alleged agreement with Webb, and, if made, it was not binding on Bowman. The burden was upon Webb to establish the alleged agreement by a preponderance of the testimony, the evidence was conflicting, and the trial court found against Webb's contention.

The judgment of the district court is, therefore, affirmed.

All the Justices concur.