## BURNETT v. SAPULPA REFINING CO.

No. 7632—Opinion Filed July 11, 1916.

(159 Pac. 360.)

**1. Appeal and Error—Decisions Reviewable —Finality.**

An order of the district court allowing a temporary injunction may be appealed from and brought for review in this court before final judgment is had in the trial court in the main action.

**2. Injunction—Nature of Remedy—Adequacy of Remedy at Law.**

Where a party testifies that he is worth from $12,000 to $15,000, and the trespass threatened by him, if committed, will result in the suspension of the business of an extensive oil refinery, the court was warranted in finding that he was not able to respond in such damages as would likely be incurred by said refinery if the threatened trespass was actually carried out.

**3. Injunction — Temporary Injunction — Grounds.**

A temporary injunction should never be granted because of the mere apprehension that injury may be done.

**4. Injunction—Grounds—Trespass.**

Where an oil refinery is in the actual possession of a certain tract of land claiming the title thereto, and a party sets up an adverse claim thereto and takes forcible possession thereof, and, having been ousted, threatens to return and again take forcible possession, and there is a reasonable probability of said threats being executed, the said party should be restrained by means of injunction until the title to said property is determined by the proper legal procedure.

(Syllabus by Mathews, C.)

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by the Sapulpa Refining Company against Brooks G. Burnett. Judgment for plaintiff, and defendant brings error. Affirmed.

H. B. Martin and A. F. Moss, for plaintiff in error.

J. F. Lawrence, for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. This is an action for an injunction, which was begun by the filing of the following petition, duly sworn to:

"Comes now the plaintiff and for its cause of action against the defendant, alleges and states:

"That the plaintiff is a corporation, organized under the laws of the state of Oklahoma, and is engaged in the manufacturing business, to wit: The refining business near the city of Sapulpa, Creek county, Okla. That the plaintiff is now and has been for more than three years last past in lawful, peaceable and actual possession, occupancy and control of the following described property, to wit: (Describing premises.) That said land above described has at all times aforesaid been used by plaintiff for the purposes of its said business.

"That on or about the 1st day of August, 1915, and about 12 o'clock, midnight, the defendant, Brooks G. Burnett, without notice, and without warning, entered upon said premises, and destroyed the improvements, thereon, and cut and removed, and laid down the fence, and erected thereon fences, and obstructions, and otherwise mutilated said premises above described, and undertook to take possession without warrant of law, and the said defendant did stay on said premises and did undertake to forcibly prevent plaintiff from the free use and occupancy and control of said premises aforesaid, and did undertake to prevent the servants and employes of plaintiff from crossing said premises, and did threaten to violently hold possession of said premises or a part thereof, and did so remain on said premises, and did so act until about 12 o'clock noon of August 1, 1915.

"That defendant threatens to and plaintiff is led to believe and does believe that defendant will attempt to forcibly enter said premises, and trespass thereon unless restrained by this court. That plaintiff believes, and therefore states the facts to be that unless restrained by this court, the defendant will immediately and continuously trespass upon said property aforesaid, or a part thereof, and will interfere with the business of the plaintiff, and will undertake by force to take possession of said property or a part thereof, and will seriously interfere with the business of the plaintiff, and that plaintiff will be irreparably injured.

"That defendant threatens to and plaintiff believes will, unless restrained by this court, prevent plaintiff or will by force undertake to prevent plaintiff from crossing said property or a part thereof, and that in the ordinary course of plaintiff's business it is necessary to cross and use said premises.

"That the business of plaintiff is a large one, and the good will is of considerable value, and that it is necessary to have the free and unhampered use of said property aforesaid in order to carry on its business, and that the threatened acts of the defendant will damage and irreparably injure said business aforesaid.

"Whereof plaintiff prays judgment that the defendant, his agents and employes be restrained and enjoined from trespassing upon, or interfering with, the business of plaintiff, or its property aforesaid, and more especially from entering upon said premises above de-

scribed or in any manner interfering with plaintiff's possession or attempting to take possession of said premises or any part thereof, or from removing or destroying any fences, or other improvements thereon, or in any manner interfering with the employes and servants of plaintiff in entering, crossing or using said premises or in their vocations, and for such other and further orders as to the court shall seem equitable and just.

"J. F. Lawrence, Attorney for Plaintiff."

The defendant waived summons, but it does not appear that any pleadings were filed by defendant. A court trial was had and a temporary injunction granted, from which defendant appeals.

The evidence in the case was, in substance, that the plaintiff was a corporation engaged in the refining of crude oil. The refining plant was located near Sapulpa upon a tract of land near the Frisco Railroad right of way, and consisted of 20 acres, and also of a small triangular tract lying between the main plant and the Frisco right of way, which is the bone of contention.

The main plant of the refining company was located on the 20-acre tract, and the small tract or strip aforesaid was used for a yard and passageway to the loading rack on the railroad right of way, and the pipes for transferring the oil from the refinery to the railroad right of way for shipping ran across the strip. The refinery company had been in actual possession of the entire tract, including this strip, which it was claiming under deed, since 1907. The defendant also claimed this strip by virtue of a certain deed, and on the night of August 1, 1915, went upon the same and took possession thereof and cut down plaintiff's fences and refused to permit any of plaintiff's employes to enter or cross said strip, and so held possession until about noon of the next day, when plaintiff again obtained possession in some way not divulged by the evidence, and as defendant was still threatening to return and again take forcible possession of said strip, the plaintiff applied to the court for an injunction to restrain him from so doing.

It was correctly held in Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207, that an order of the district court allowing a temporary injunction may be appealed from and brought for review in this court before final judgment is had in the trial court in the main action.

Plaintiff also raises the point that no motion for a new trial was filed in the trial court. As this proposition is not discussed and no authorities cited, without passing thereon or expressing any opinion as to its merits, we will deem this point as waived and will pass to the points raised by plaintiff in error.

The two propositions presented and discussed by defendant are:

"(1) It is error to grant a temporary injunction to restrain a threatened trespass such as could be fully compensated in money damages.

"(2) The mere apprehension of injury or trespass is not sufficient to warrant an injunction."

It was admitted at the trial that the defendant about midnight went on the strip of land in controversy, which was then in possession of the plaintiff, and destroyed the fences inclosing it and erected fences of his own and remained on the property until noon of the next day, and ordered the employes of plaintiff to stay off this strip, and threatened to use force to keep them off and that afterwards he still threatened to go back and again take forcible possession thereof, but defendant contends that an injunction will not lie in such a case to restrain a trespass, but that plaintiff had a full, adequate, and complete remedy at law by way of an action for damages, and that the evidence shows that defendant was solvent, and cites Marshall v. Homier, 13 Okla. 264, 74 Pac. 368, Thompson v. Tucker et al., 15 Okla. 486, 83 Pac. 413, 6 Ann. Cas. 1012, and Bracken v. Stone et al., 20 Okla. 613, 95 Pac. 236, as sustaining his contention.

Without going into the first point of this proposition here we take issue with the contention that the evidence showed that defendant was solvent to the extent that he was able to respond in damages should it be found that plaintiff was entitled to damages. While defendant testified that he owned real estate worth from $12,000 to $15,000, yet after being urged at length to describe the same and give its value, in an indefinite way he testified he owned some lots in Sapulpa of the approximate value of $2,000, and some property in Kiowa county, no value given. It is a matter of common knowledge that the value of town lots generally in this state is of an indefinite status, and too often more imaginary than real. The evidence in this case showed that plaintiff was engaged in an extensive oil refining business, and that in order to ship its products it was necessary to use the strip of land in dispute and the damage it would incur, should it be deprived of its shipping facilities for a very short while, would easily exceed the value of defendant's property. We believe the evidence shows that defendant was not able to respond in such damages as would probably be incurred by plaintiff if the threatened trespass was actually carried out.

Defendant's second contention is that the temporary injunction was improperly granted because at the most the evidence only showed a threatened trespass, and that this court has held in Hodgins v. Hodgins, 23 Okla. 625, 103 Pac. 711, and City of Woodward et al. v. Raynor, 29 Okla. 493, 119 Pac. 964, as well as other cases, that a temporary injunction should never be granted because of the mere apprehension that injury may be done. We find no fault with these cases and believe they state a correct proposition of law when properly applied, but in the case at bar the evidence shows that the defendant, instead of applying to the courts to have his right and claim to the strip of land in controversy determined in an orderly and prescribed way, saw fit to adopt force and violence as his remedy and went upon the premises, which plaintiff had occupied and had possession of for several years, at the hour of midnight and demolished the improvements and proposed by force to keep the employes of plaintiff away from said premises, and it was admitted at the trial that he was then still threatening to return and repeat the trespass. It would be but to admit the impotency and inefficacy of the law to say that in such an extreme case as is here presented the only redress available to plaintiff would be some law action. For authority it is unnecessary to look beyond the decisions of our own courts.

The case of Murphy v. Fitch, 35 Okla. 364, 130 Pac. 298, presents facts very similar to those in the case at bar, and there it was held:

"Where certain lots were in possession of F., claiming title thereto, and the same are sought to be taken forcible possession of by M., who claimed an adverse title, F.'s possession may be preserved until the final determination as to the title by means of injunction."

To the same effect in Glasco v. School Dist. No. 22, McClain County, 24 Okla. 236, 103 Pac. 687:

"Where a school district is in possession of a tract of land, occupying the same with its buildings and claiming title thereto by virtue of a deed of donation, and the same is invaded by a party likewise claiming title thereto, who takes possession thereof and destroys a portion of the property of the district and piles lumber and building material thereon and begins the erection of a building, it will be granted a temporary injunction restraining said party from interfering with its possession until the title to the same is determined."

While the order complained of was made in court and not in chambers, and while a permanent injunction was prayed for, yet the court saw fit and proper to grant a temporary injunction only. The title to the strip of land in controversy was in dispute; it being claimed by both plaintiff and defendant. It was entirely proper that the status of property should be thus preserved by the court until the title thereto could be regularly litigated in an action brought for that purpose, and the granting of a temporary injunction in such cases is a matter within the sound discretion of the trial court, and such action of the court will be reversed only for abuse of such discretion, and we believe the action of the court here was especially warranted and proper. Bourland et al. v. Langford, 36 Okla. 278, 128 Pac. 240; Webb v. Bowman et al., 47 Okla. 554, 149 Pac. 159; Galbreath v. McLane, 51 Okla. 754, 152 Pac. 355.

We recommend that the judgment be affirmed.

By the Court. It is so ordered.