## MIDLAND VALLEY R. CO. v. IMLER et al.

No. 14810—Opinion Filed April 22, 1924.

(Syllabus)

1. **Appeal and Error—Discretion of Trial Court—Temporary Injunctions.**

The granting or dissolution of a temporary injunction in the trial of title or right of possession of real estate is largely in the discretion of the trial court, and this court will not interfere with the trial court in granting such order or vacating it, unless there is a clear showing of error or abuse of such discretion.

2. **Injunction — Temporary Protection of Possession of Real Estate.**

Equity will protect the possession of real estate by the granting of a temporary injunction, where the facts show possession in one and the attempt by the other forcibly to interfere with such possession and commit trespass with damages thereto, without reference to the solvency of the parties, such possession to be protected until the final hearing.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Robert L. Imler and Ruth E. Imler against the Midland Valley Railroad Company for an order to retain possession of certain premises in the City of Tulsa, owned and used by the plaintiffs as their home. Judgment for plaintiffs; defendant appeals. Affirmed.

O. E. Swan, Reeves & Russell, and Blakeney & Ambrister, for plaintiff in error.

Summers Hardy and Hunt & Eagleton, for defendants in error.

WARREN, J. On April 6, 1923, Robert L. Imler and Ruth E. Imler filed in the district court of Tulsa county a suit against the Midland Valley Railroad Company, alleging ownership of a certain lot or tract of land in Maple Park addition to the city of Tulsa adjoining the right of way of defendant. They allege defendant claims title to a strip two feet wide off the east side of their property as a part of the defendant's right of way. They allege a fence enclosing all property claimed by them existing for more than 16 years, and the erection of lasting and valuable improvements thereon with the knowledge of defendant, and plead an estoppel. They allege defendant, through its agents, servants, and employes, is trespassing upon the said property, attempting to erect permanent monuments thereon, placing stones thereon, and destroying plaintiffs' property. They pray for a temporary restraining order enjoining the foregoing acts, a temporary injunction, and for general relief on final hearing. Upon the said petition, duly verified, a restraining order was issued April 12, 1923, restraining defendant from any acts with reference to such property until April 17, 1923, at which time the court set for hearing the application for temporary injunction. Hearing was passed until April 27, 1923, at which time parties announced ready for trial on the hearing for temporary injunction. On the said date, after hearing the testimony, the court granted a temporary injunction against the alleged acts of the defendant, to be in full force until the final hearing. The required bond was given by the plaintiffs, and defendant perfected its appeal to this court.

In this cause able and exhaustive briefs have been filed by both plaintiffs and defendant. The court has been assisted by extended and comprehensive oral arguments. The counsel on both sides have briefed and argued all propositions which could be considered on a final hearing. But what have we to decide? Merely the question of whether or not a temporary injunction was providently issued in this cause.

This is an action involving the title to real estate. At the time of the order appealed from the defendant had not answered. A trial must finally be had in this cause, after the issues are made up, and at which time the parties can present their proof to the court, or mayhap to a jury, if the issues should present a proper case and it be demanded. It would be a bootless proceeding for this court to pass upon questions not properly before it and which may never arise on an appeal from the final hearing, assuming that such appeal should be taken. We will not attempt to try title to real estate on an appeal from a temporary injunction. It remains, therefore, to consider only the matters before us.

This court said, in Cunningham v. Ponca City, 27 Okla. 858, 113 Pac. 919:

"The dissolution of an injunction is largely a matter of judicial discretion, to be determined by the facts of each particular case; and, except in cases of palpable abuse of such discretion or a clear showing of error on the part of the trial court, the reviewing court will not interfere with or in any manner control this discretion."

See, also, Webb v. Bowman, 47 Okla. 554, 149 Pac. 159; Bourand v. Langford, 36 Okla. 278, 128 Pac. 240; Burnett v. Sapulpa R. Co., 59 Okla. 276, 159 Pac. 360.

There is no abuse of discretion in issuing the present injunction. It was right and proper so to do. There was evidently a scrambling for possession of this small strip of land under circumstances that would cause damages out of all proportion to any relief that might be secured.

This court has consistently held that it will protect the possession of real estate by temporary injunction, where forcible possession is sought to be taken under claim of adverse title, preserving the peaceable possession until the final determination of the suit. There is no question but that plaintiffs are and have been in possession of the property and that defendant has sought to take forcible possession thereof. Glasco v. School Dist., 24 Okla. 236, 103 Pac. 687; Murphy v. Fitch, 35 Okla. 364, 130 Pac. 298; Deskins v. Rogers, 72 Oklahoma, 180 Pac. 691.

It is true that defendant shows that there is a telephone pole on the property, but it is the property of strangers to this suit and the plaintiffs have never attempted nor threatened to move the pole, and there is nothing to indicate they intend to do so. The order of the district court will preserve the matter in statu quo until final hearing. The action of the court in granting such injunction order will be affirmed.

McNEILL, V. C. J., and BRANSON, COCHRAN, and HARRISON, JJ., concur.