**HEAD et al. v. CARLTON et al.**

No. 15170—Opinion Filed Sept. 23, 1924.

1. **Appeal and Error—Discretion of Trial Court—Temporary Injunctions.**

The granting or denying a temporary injunction where injunctive relief is ancillary to the principal cause of action is within the sound and reasonable discretion of the court and same will not be disturbed by this court on appeal unless it appears such discretion has been abused to the injury of the complaining party.

2. **Injunction—Ancillary Relief—Erroneous Dismissal of Action.**

On hearing an application for a temporary injunction in a case where injunctive relief is ancillary to the principal cause of action, and, without waiver on part of plaintiff to hear cause on the merits, it is error to dismiss the petition.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by T. R. Head and others against J. S. Carlton and others to declare school district election for building school district school house void, and bonds issued or to be issued invalid, and for injunction. Judgment for defendants, and plaintiffs bring error. Affirmed in part and reversed in part, and remanded, with instructions.

H. M. Carr, for plaintiffs in error.

Mac. Q. Williamson and C. J. Moody, for defendants in error.

Opinion by THREADGILL, C. On January 31, 1924, plaintiffs in error, as plaintiffs, commenced this action in the district court of Garvin county, against defendants in error, as defendants, contesting an election for school district bonds and the right of the school district to issue such bonds, and asking for a temporary restraining order against the issuance of the bonds and upon final hearing for the order to be made perpetual. The petition alleged fraud, violation of the statute, and many irregularities in the election, and the same was verified. On the same day the petition was filed the district judge made the following order (omitting the caption):

"Whereas, on January 31, 1924, a petition under the above caption, was filed in the district court of Garvin county, state of Okla. wherein the plaintiffs seek to contest the validity of an election held in school district No. 72, in Garvin county, state of Okla., which election was called to vote upon the question of issuing school bonds in said district in the amount of $23,500. And whereas the said petitioners claim that said election was illegal and void, assigning many reasons therefor, and the court having read said petition, which is duly sworn to, and being of the opinion that a temporary restraining order should be granted herein to prevent any further action being taken toward the sale and validation of the $23,500 of bonds voted at said election, until the validity of said election is determined.

"Now, therefore, the defendants, J. S. Carlton, Thad Ledsinger, C. P. Cantrell, and L. Z. Ashurst, themselves, their agents and representatives, are hereby ordered and directed to not take any further steps toward the printing, issuing, recording, certifying, registering, selling, or in any manner disposing of the $23,500 in bonds, said to have been voted on Tuesday, January 22, 1924, at an election held in school district No. 72, in Garvin county, state of Okla., until a hearing can be had on the question as to whether or not an injunction should be granted, restraining the sale of said bonds. And the said defendants are hereby notified to appear in the court house in Pauls Valley at the hour of 2 o'clock p. m. on the 6th day of February, 1924, and show cause, if any they have, why said injunction should not be granted.

"Given under my hand this 31st day of January, 1924, A. C. Barrett, District Judge."

On February 3, 1924, the defendants filed their answer, consisting of general and special denial. On February 8, 1924, there was a trial before the court and after the examination of a great many witnesses the following order was made and entered (omitting the caption):

"On this 9th day of February, 1924, came on for hearing the above styled cause upon application of the plaintiffs for a temporary injunction, and plaintiffs appearing in person, and by their attorneys, H. M. Carr, and the defendants, J. S. Carlton, Thad Ledsinger, and C. P. Cantrell, constituting the board of trustees of school district number 72, appearing in person, and by their attorneys, Blanton, Osborn & Curtis, and by the county attorney, Mac. Williamson, and all parties announcing ready the court directs the hearing to proceed.

"And the said defendants, having filed an answer in said cause, the court after hearing the testimony of numerous witnesses introduced on behalf of the plaintiffs and defendants, and being fully advised in the premises, denies said temporary injunction, to which the plaintiffs duly excepted.

"And it appearing to the court that the said defendants have duly filed their answer in said cause, and that the said petition of plaintiffs, and the proof introduced thereon on said application for a temporary injunction, wholly fail to warrant the granting of any relief to plaintiffs thereunder, and that said petition is wholly lacking in equity, the court dismisses said action at the cost of plaintiffs, to which action of the court the plaintiffs duly excepted."

From this order or judgment plaintiffs appeal, urging four assignments of error, which were in substance as follows:

"(1) Refusing to grant a temporary injunction. (2) Dismissing the petition of plaintiffs' upon the hearing for temporary injunction. (3) Refusing to allow counsel for plaintiffs to present the law and argue the case upon the hearing for temporary injunction. (4) Overruling motion for new trial."

1. Under the first assignment the plaintiffs contend that the election for the issuance of bonds for the purpose of building a schoolhouse for the consolidated school district was void for lack of statutory notice, fraud and manner of conducting the election, and the defendants were proceeding with the issuance of the proposed bonds and offering to sell them, thereby fixing an illegal tax burden upon the taxpayers, and, to prevent this, until the action could be heard upon the merits, they ask for a temporary restraining order under chapter 3, art. 10, Comp. Stat. 1921.

It appears from the petition that the action was for the purpose of having the election declared to be void and the bonds to be issued thereon declared invalid, and the injunction asked was ancillary to the action.

The general remedy of injunction is defined by section 404, as "a command to refrain from a particular act. It may be the final judgment in an action, or may be allowed as a provisional remedy, and, when so allowed, it shall be by order."

The plaintiffs asked for a temporary restraining order pending a hearing on the issues of the cause and the court by order granted a temporary order on the same day the petition was filed, and in the order set a day certain for hearing the cause for injunction. This setting by the court could not be upon the merits of the cause for the reason the defendants had not yet made an appearance in the case. The order upon such a hearing could only be provisional under the statute without the parties otherwise

agreed, which it does not appear they did in this case, and the day set for hearing the request, as made in the petition for a temporary injunction, was February 6, 1924; that the hearing on February 6th was for the provisional remedy, a temporary injunction, and not upon the merits, is borne out by the order made after this hearing on February 9, 1924.

The order made calls the hearing an application of the plaintiffs for a temporary injunction, and the same must be taken by this court as speaking the truth as to the purpose of the hearing, that the same was to determine whether or not the plaintiffs were entitled to a temporary injunction as prayed for. The court after hearing the testimony of a great many witnesses denied the plaintiffs temporary injunction, and this was in the discretion of the court and did not affect the merits of the cause. The fact is, no one could be injured by granting or denying the temporary order. If the election was void the bonds would be invalid, and if issued and sold before the cause was heard on the merits and it appeared upon final determination that they were invalid, the bondholders could claim no rights as innocent purchasers, since they are presumed to know the requirements of the statutes upon which the bonds are to be based to make them valid. Therefore, the order, denying the temporary injunction being discretionary, and, it appearing that the plaintiffs were not injured by the denial, the same will not be disturbed by this court. Webb v. Bowman, 47 Okla. 554, 149 Pac. 159.

2. Under the second assignment, that the court erred in dismissing the petition of plaintiffs upon the hearing for a temporary injunction, we think the complaint is well founded.

Sections 578 to 582, Comp. Stat. 1921, provide an orderly procedure for setting and trying cases upon the merits, and this procedure should be followed in all cases except in such particulars as may be waived by the parties.

The case at bar had not been set for trial and the record does not show the hearing had was during term time, or that there was any waiver of the 10 days before trial day after issues made up, and, as above considered, the hearing was upon an application for a temporary injunction, and it was so stated in the order, and it was error for the court, in denying the temporary injunction, to arbitrarily dismiss the cause of action. Norris et al. v. City of Lawton et al., 47 Okla. 213, 148 Pac. 123; City of Ardmore v. Orr, 35 Okla. 305, 129 Pac. 867.

The defendants contend that the action was of purely equitable recognizance and the court had the right to try the issues without the assistance of the jury, and in this we think the defendants are correct, but this would not give the court jurisdiction to try the case on the merits and dismiss the cause when the hearing was on the application for a temporary injunction in a case where injunctive relief only was asked.

Defendants cite the case of McClintock et al. v. Parish, 72 Okla. 260, 180 Pac. 689, but this case is not applicable for the reason that in this case injunctive relief only was sought, and the cause was dismissed upon a hearing of motion to dissolve the temporary injunction, while in the case at bar the injunctive relief was ancillary to the cause of action.

Plaintiffs further contend that the court in dismissing their cause of action did not comply with the provisions of section 664, Comp. Stat. 1921, and the defendants contend that this section is not applicable for the reason the same cannot be involved except in cases where the dismissal is without prejudice to a future action. We think this statute is broad enough to include all cases. McBride v. Cowan, 80 Okla. 72, 194 Pac. 208. It appears from the record that the court violated the provisions of this section when it dismissed the plaintiffs' cause of action in hearing the application for a temporary injunction.

We do not undertake to go into the merits of the case from the record presented here. We have considered the only questions that enter the merits of the appeal, and we think that part of the order refusing to grant the temporary injunction should be affirmed, and that part of the order dismissing the cause of action should be reversed, and the cause remanded to the trial court with instructions to set aside the order of dismissal and reinstate the case and proceed with the same not inconsistent with this opinion.

By the Court: It is so ordered.