## MILLER v. NOBLE DRILLING CO.

No. 18154. Opinion Filed June 12, 1928.

Rehearing Denied Nov. 20, 1928.

R. A. Howard and Sigler & Jackson, for plaintiff in error.

Laurence E. Beattie, for defendant in error.

TEEHEE, C. The Noble Drilling Company, plaintiff below, on January 10, 1927, under a verified petition in two counts, brought suit against J. M. Miller, Carrie H. Miller, and D. W. Witherow, defendants below, on a promissory note for $3,500 signed by J. M. Miller and Witherow, and representing a balance due the drilling company under a drilling contract.

In the first count plaintiff in substance alleged the ownership of certain lands by the defendant J. M. Miller in which the defendant Carrie H. Miller, his wife, and Witherow were also interested, whereon on a particular tract the plaintiff as contractor on August 15, 1925, agreed with the defendants J. M. Miller and Witherow as contractees, operating under the title of Witherow & Miller Oil Association, to drill a test well for oil and gas purposes at a stipulated consideration of $13,500; that plaintiff completed performance of the contract at noon on September 21, 1925, whereupon the contractees' obligation to pay the consideration matured; that on September 22nd, a cash payment of $5,000 was made, with like payment on September 29th, and on said date of September 29, 1925, the contractees, to secure the payment of the balance of the consideration, gave to plaintiff their promissory note of $3,500, due and payable January 27, 1926, at which maturity date the note was renewed in like amount and due and payable on May 27, 1926; that contractees defaulted in payment thereof, and

that they have failed, neglected and refused to pay the same in accordance with the terms thereof; whereupon plaintiff prayed judgment therefor against the defendants J. M. Miller and Witherow.

In the second count plaintiff in substance alleged that it was induced to enter into the contract upon the representations and promises of the defendant Witherow that certain sums of money would be forthcoming, and on the assurance of the ownership of certain other real property by the defendant J. M. Miller in his own name sufficient in value to secure plaintiff from any loss in the performance of the contract, which representation of ownership of such property by the contractee Miller, plaintiff verified by examination of the land records; that plaintiff thereupon in reliance upon the good faith of the contractees entered into said contract and performed the same, and that by reason of the failure of the test well to be productive of either of the minerals sought, the contractees failed to satisfy the full consideration of the contract, there remaining unpaid the amount for which judgment was prayed upon the first count; that the defendant J. M. Miller on September 21, 1925, at 4:50 o'clock had filed and recorded deeds of conveyance of all his said property to the defendant Carrie H. Miller, his wife, and that they subsequently encumbered certain of said property, the income from which encumbrances they failed and refused to apply in satisfaction of J. M. Miller's obligation to plaintiff; that the transfer of said property in the manner aforesaid was with the intent to place the same beyond the reach of plaintiff as a creditor of the said defendant J. M. Miller, and to render ineffectual any judgment against him in said action, and that such conveyances, by reason of the defendant Carrie H. Miller's knowledge of plaintiff's contract with her co-defendants and her interest therein, were in fraud of plaintiff's rights as a creditor as aforesaid; and that plaintiff has no adequate remedy to prevent injury to itself and loss of its claim, and that it is unable to locate or discover any assets of the defendants other than the real property conveyed by said defendant J. M. Miller to defendant Carrie H. Miller, his wife, to which plaintiff may resort in protection of its claim; whereupon plaintiff prayed judgment of cancellation of said transfers and conveyances as to it, and that during the pendency of the action for judgment in the principal action the defendants J. M. Miller and Carrie H. Miller be enjoined from any disposition of said property, and that pending a hearing for a temporary injunction the said defend-

ants be restrained by proper order from disposing and further encumbering of said property, which restraining order was by the court granted and a hearing for a temporary injunction fixed for January 24, 1927.

At the hearing the defendants filed and presented their demurrer to the principal action set out in the petition on the ground of a misjoinder of causes of action, which demurrer was by the court overruled with exceptions allowed to the defendants, and at their request with 20 days to answer. Thereupon, at their request, for the purpose of the hearing for a temporary injunction, the defendants filed the following verified answer:

"For the purpose of this hearing and no other reason we file an answer and deny each and every material allegation in the petition."

Upon announcement by the court that the burden of proof was on the plaintiff, counsel for defendants made the following admission:

"We admit we made the transfer as he alleges as far as that is concerned."

At the conclusion of the hearing judgment went for the plaintiff against the defendants J. M. Miller and Carrie H. Miller, with exclusion of the homestead of the Millers from the operation of the temporary injunction, and with the same to issue and be effective upon the giving and filing of an injunction bond by plaintiff in the sum of $7,500, compliance wherewith by plaintiff was made on January 26, 1927. The journal entry of the order and judgment of the court was as follows:

"Now on this the 24th day of January, 1927, there came on for hearing the above entitled cause upon the demurrer of the defendants J. M. Miller and Carrie H. Miller. And the court, after hearing said demurrer and being fully advised in the premises, overruled said demurrer, to which each of the defendants duly excepted. Whereupon the defendants J. M. Miller and Carrie Miller were all given 20 days from this date to file an answer to this case. At the same time the defendants J. M. Miller and Carrie Miller asked permission from the court to file an answer to this petition upon the matter wherein an injunction was prayed and without prejudice to answer in the case, and the court granted said motion and request and it was ordered that the answer of said defendants be dictated in the record and it was done. And the defendant J. M. Miller, being present in court, was asked by the court if he verified said answer, and he stated that he did. Thereupon the court ordered and directed that said matter of the application for an injunction be heard upon said answer and the same be considered as verified at this time. And the defendants were given permission to reduce answer dictated in the record to writing and the same to be thereafter verified by J. M. Miller with the same force and effect as if verified at this time, said verification to be made as of this date.

"Whereupon the court proceeded to hear said application for an injunction upon the petition and answer thus filed, and the defendants having admitted that J. M. Miller had executed the deeds to his codefendant Carrie H. Miller set out in the plaintiff's petition and the court thereupon entered an order granting a temporary injunction, to which action of this court the defendants J. M. Miller and Carrie H. Miller duly excepted, and the defendant Carrie H. Miller in open court gave notice of her intention to appeal to the Supreme Court and asked that said notice be noted by the clerk on the trial docket which notice was duly noted by the clerk as requested."

From the order and judgment the defendant Carrie H. Miller prosecutes this appeal, and assigns as errors of the court the following:

"First: The court erred in overruling the demurrer filed by the defendants below.

"Second: The court erred in entering the order and judgment granting the injunction."

In our consideration hereof the parties will be referred to as they appeared in the trial court. Preliminary thereto plaintiff urges upon us by renewal its motion to dismiss this appeal on the grounds that the defendant failed to file and serve her brief within the time required by the rules of this court, and that the appeal is frivolous and made for the purpose of delay. The appellate record shows that the motion was by this court on June 14, 1927, denied. This we regard as a final disposition thereof, and therefore direct our attention to the errors assigned. Thacker v. Ross, 105 Okla. 99, 231 Pac. 1060; Quincy Showcase Works v. Briscoe, 126 Okla. 144, 259 Pac. 128.

As to the first alleged error of the court, it is to be noted from the record that no final judgment has been rendered upon the merits of the principal action to which the demurrer was directed. It is well settled in its jurisdiction that:

"A defendant who seeks to have reviewed in this court an order of court overruling his demurrer to plaintiff's petition must either elect to stand upon his demurrer, in which event final judgment must be rendered in the cause by the court, or reserve his exception to the order overruling his demurrer, plead further, and, upon appeal from final

judgment in the whole cause, have the alleged error reviewed here."

And that:

"Where, upon an order overruling defendant's demurrer to plaintiff's petition, defendant appeals to this court without the rendition of a final judgment in the cause, such appeal presents nothing properly reviewable by this court." Jones v. Toomey, 115 Okla. 169, 241 Pac. 1105; Culp v. State, 109 Okla. 6, 234 Pac. 730; Stebbins v. Edwards, 107 Okla. 139, 231 Pac. 507; Freeman v. Gibson, 107 Okla. 220, 232 Pac. 806.

That there is a want of appellate jurisdiction in such case is not required to be brought to our notice by the adverse party, for this may be determined on our own motion. Jones v. Toomey, supra; Pippin v. McVickers, 87 Okla. 289, 210 Pac. 1016. It logically follows, therefore, that nothing is presented for our consideration under the first assignment. With this observation the appeal in this connection is dismissed from further consideration.

Under the second assignment defendant contends that the court erred in granting plaintiff the temporary injunction. By section 405, C. O. S. 1921, it is provided as follows:

·"When it appears, by the petition, that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or when, during the litigation, it appears that the defendant is doing, or threatens, or is about to do or is procuring or suffering to be done, some act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act. And when, during the pendency of an action, it shall appear, by affidavit, that the defendant threatens or is about to remove or dispose of his property with intent to defraud his creditors, or to render the judgment ineffectual, a temporary injunction may be granted to restrain such removal or disposition. It may, also, be granted in any case where it is specially authorized by statute."

As noted from the statement of the pleadings, the grounds of relief sought by temporary injunction are clearly brought within the purview of the statute. In Head v. Carlton, 100 Okla. 292, 229 Pac. 178, this court said:

"The granting or denying a temporary injunction where injunctive relief is ancillary to the principal cause of action is within the sound and reasonable discretion of the court and same will not be disturbed by this court on appeal unless it appears such discretion has been abused to the injury of the complaining party."

The principle has been repeatedly announced. Midland Valley R. Co. v. Imler, 101 Okla. 298, 225 Pac. 919; Bourland v. Langford, 36 Okla. 278, 128 Pac. 240; Webb v. Bowman, 47 Okla. 554, 149 Pac. 159. As the basic grounds of injunctive relief were admitted by the defendants, it cannot be said that the court abused its discretion in granting the temporary injunction to the injury of the parties enjoined.

The order and judgment of the district court is therefore affirmed.

LEACH, FOSTER, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.