[Civ. No. 6826. First Appellate District, Division Two.—May 24, 1929.]

## HARVEY S. HUNSBERGER, Appellant, v. ADELINE H. HUNSBERGER, Respondent.

J. S. Hutchinson and Forrest H. Bailey for Appellant.

Christopher M. Jenks for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to obtain a divorce from the defendant. He pleaded desertion and wilful neglect. The defendant filed an answer denying both charges. A trial was had before the court sitting without a jury. The trial court made findings of fact in favor of the defendant and the plaintiff has appealed under section 953a of the Code of Civil Procedure.

The plaintiff contends that the trial court should have awarded him a decree on the ground of desertion and claims that the evidence was full and complete. We think he is mistaken, for the following reasons: In one place, answering a leading question of his attorney, he stated that his wife deserted him. Of course, that was but his legal conclusion. In another place he stated that on the twenty-ninth day of July, 1924, his wife left the family apartment. In that connection the defendant testified that at the time she left she was in a very nervous condition by reason of overwork and that she had been doing too much work. What with services rendered as a trained nurse, what with her duties as housekeeper, and what with the effort she was making in repainting some furniture which her mother had loaned to her, the defendant had greatly broken down her health. At the time she left the family home she was under the care of a physician. For several months she returned from time to time and at various times the parties met, either at their own home or at the mother's home, or other places. There is evidence that a year and a half after the defendant left the home that she then stated she did not

care to return. That statement was apparently made a month or two months after this action was filed. If the plaintiff is relying on the date of that refusal as the date of desertion, then the desertion had not continued one year prior to the commencement of the action and therefore will not support a decree based on desertion. (*Pinkard* v. *Pinkard*, 14 Tex. 356 [65 Am. Dec. 129].) There is evidence that the parties were living separate and apart for a few months during the year 1923; however, that evidence is entirely without the issues made by the pleadings. On July 29, 1924, as the defendant left the house, she stated to the landlord that thereafter he should look to the husband for the rent, as she was going away. , Assuming that the remark was favorable to the plaintiff's case, the most that can be said is that it but created a slight conflict, and that the trial court was warranted in reaching the conclusion that the conflict should be resolved in favor of the defendant. In this connection it should be noted that except as to the item just adverted to there is not a particle of evidence of corroboration of the plaintiff on this particular count.

The plaintiff contends also that he was entitled to a decree on the ground of extreme cruelty. He makes this contention on the following facts: In 1923, when the parties were separated, they met on the street and the wife did not speak to him. He does not claim that he spoke to her. Later they lived together for some months. During their married life the plaintiff was engaged in practicing his profession as a physician and surgeon. His wife during the same period was actively engaged in practicing her profession as a trained nurse. They accumulated a little property. A part of that property consisted of some bonds. The amount is not stated in the evidence. The custody of those bonds was entrusted to the defendant. On a certain occasion the plaintiff asked his wife to deliver those bonds to him that he might borrow some rent money. She declined, and he says she told him to go pawn something. If there was any real cruelty in the act the subject was not sufficiently developed in the trial court to show the fact. While living in a certain apartment an arrangement was made by which these parties agreed to pay, and did pay, a part of the cost of a telephone which was located in the landlady's apartment, and to which all should have access.

At one time when Mrs. Hunsberger wanted to use the phone the landlady had locked the door. The plaintiff testified that thereupon Mrs. Hunsberger broke some panes of glass in the door and that a quarrel ensued between her and the landlady. On another occasion the plaintiff testified that the defendant said to him, "You are no good, you are not a man." He further testified that on a certain occasion the spouses were living in the same house with the plaintiff's mother and were using the same kitchen. On one of the bills for groceries some items were entered which were groceries bought for the mother. However, there is evidence that these parties ate some of the groceries. There is not a particle of corroboration of any of the evidence so given by the plaintiff. Even though there were, it is patent that the trial court was exercising a sound discretion in refusing to base a decree of divorce on any one or all of the acts alleged. There is not a particle of evidence in the record to show that the defendant inflicted any bodily injury on the plaintiff nor that any one or all of her acts produced any grievous mental suffering on the part of the plaintiff. For all of these reasons the trial court did not err in holding that the plaintiff had not proved a cause of action as for extreme cruelty. (*Barnes* v. *Barnes*, 95 Cal. 171, 176 [16 L. R. A. 660, 130 Pac. 298].)

In its judgment the trial court awarded the defendant fifty dollars as counsel fees. As the record does not show to the contrary, in support of the judgment we must assume that in due time the defendant, on proper notice, duly made a motion to be allowed counsel fees; that the motion was duly presented; that a ruling thereon was held in abeyance to abide the result of the trial; and that the item contained in the judgment is the ruling of the court thereon.

In paragraph four of his second cause of action the plaintiff alleged "(a) that on the 29th day of July, 1924, in the said city and county of San Francisco, plaintiff and defendant separated, by reason of defendant's extreme cruelty, (b) that the time intervening between the marriage of plaintiff and defendant and the date of their separation on said 29th day of July, 1924, is one year, eleven months and twenty-three days." (Parentheses ours.) He claims the court erred because it made no finding thereon. The first

part of the allegation, which we have marked ''a,'' seems to be an attempt to plead the theory stated in Civil Code, section 98. If so, there was no evidence thereon. On the other hand, if it was an attempt to plead matters of inducement under the theory stated in Civil Code, section 94, then it was sufficiently found on. The specific acts of cruelty were pleaded in paragraph five and in finding six the court found those facts against the plaintiff. The latter part of the paragraph quoted was an allegation to comply with subdivision 4 of section 426a of the Code of Civil Procedure. That allegation was found to be true in finding number four.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.