CHARLES H. CHADBOURNE and another *vs.* CHRIS ZILSDORF.

July 21, 1885.

34  43
86  364

**Part of Issues Triable by Court—Demand for Jury.**—When part of the issues in a case are triable by a jury and part by the court, a party desiring jury trial should confine his demand therefor to the former issues specifically. *Greenleaf* v. *Egan*, 30 Minn. 316.

**Highway—Trespass by Road Overseer—Injunction.**—This case turned upon the question whether there was a public highway across plaintiff's land. It being found that there was not, and it appearing that defendant was a road overseer, and that he had torn down plaintiff's fence, cut down his shade-trees, and done other injuries to his land, and that in so doing he was assuming to act as such overseer under direction of the town supervisors *to keep the alleged highway open, held,* that an injunction was properly allowed.

Plaintiffs brought this action in the district court for Olmsted county, praying judgment (1) for damages for defendant's wrongful entry upon their improved land, and removal of fences, etc.; (2) that defendant has no right of way or easement over the land in question; (3) for an injunction to restrain further trespass by defendant. The defendant, in his answer, pleaded that the *locus in quo* was a highway, that defendant was road-overseer, and, as such, removed the fence, which was an obstruction to the highway. He also denied the averments of damage, and pleaded that redress at law would be adequate, and no action at law determining the rights of the public and the plaintiffs as to the highway has ever been brought.

The action being on the calendar at general term, the defendant, at the call of the calendar, moved for a jury trial, which motion was denied and the cause set for trial by the court, the defendant excepting.

The action was tried before *Buckham,* J., (acting for the judge of the 3rd district,) who ordered judgment for plaintiffs in accordance with their second and third prayers. Judgment was entered, and defendant appealed.

*Erwin, Ryan & Ives,* for appellant.

*Chas. C. Willson*, for respondents.

BERRY, J. Like *Greenleaf* v. *Egan*, 30 Minn. 316, this action is, upon the pleadings, one in which legal and equitable causes of action are united, and therefore one in which some of the issues were triable by a jury, and some by the court. As said in the case cited, so it may be said here, that if defendant desired a jury trial of the specific issues properly triable by a jury, he should have demanded, not (as he did) that all the issues in the case be so tried, but such specific issues only.

The question upon which this case turned was whether there was a public highway across plaintiffs' land, as claimed by defendant. The trial court found that there was not. It appeared that defendant was a road-overseer, and that in tearing down plaintiffs' fences, cutting down their trees, and doing other injuries to their land, he was acting as such overseer under the directions of the town supervisors by whom he was instructed *to keep the alleged highway open*, all upon the basis of the existence of a lawful public highway. In this state of facts, we think an injunction was very properly allowed for the purpose of preventing the defendant from doing what, from his stand-point and in his belief, it was his official duty to do, viz., to *keep open* the supposed highway, and to do, and continue to do, whatever might be necessary to that end. In such case the injunction is properly granted, upon the ground that the wrongful acts enjoined may become the foundation of adverse rights; that they are in the nature of a private nuisance to the plaintiffs, and may occasion a multiplicity of suits. High on Injunctions, § 702. *Johnson* v. *City of Rochester*, 13 Hun, 285; *Poirier* v. *Fetter*, 20 Kan. 47; and see *Wilson* v. *City of Mineral Point*, 39 Wis. 160; 3 Pom. Eq. Jur. § 1357.

Judgment affirmed.