NICHOLAS HEINZMAN v. WINONA & ST. PETER RAILWAY
COMPANY.

January 11, 1899.

Nos. 11,442—(209).

**Reservation in Deed Construed—Railroad Right of Way.**

Before plaintiff purchased a certain tract of land, his grantor verbally agreed to convey to defendant a 300-foot strip across the same for a railroad right of way. An exception in the subsequent deed to plaintiff is construed, and *held* to reserve only so much of this right of way as was then actually occupied by defendant, which was a strip 100 feet wide through the middle of the same.

**Action for Injunction—No Relief Asked—Legal Title Prevails.**

Conceding, without deciding, that plaintiff took with notice, and holds the rest of the 300-foot strip in trust for defendant, yet, in the absence of any counterclaim for specific performance or other equitable relief, plaintiff is entitled to prevail on such legal title.

Action in the district court for Blue Earth county for an injunction restraining defendant from taking possession of a strip of land for the purposes of its right of way. The cause was tried before Severance, J., without a jury, who ordered judgment in favor of plaintiff. From the judgment entered pursuant thereto, defendant appealed. Affirmed.

*Brown & Abbott*, for appellant.

*J. E. Porter* and *Pfau & Pfau*, for respondent.

CANTY, J.

The right of way of the defendant's railroad is laid out across a certain 40 acres of land. All of this 40, except the right of way, is owned by plaintiff. For 25 years before the commencement of this action, defendant had maintained a fence on each side of its track across this 40, each fence being 50 feet from the middle of the track, thereby enclosing a strip 100 feet wide as a right of way.

Defendant, claiming that its right of way was in fact 300 feet wide,—150 feet on each side of the middle line of its tracks,—proceeded to take in and inclose, as a part of such right of way, a strip 100 feet wide along the west side of the west fence across the 40. This action was brought to enjoin it from doing so. On the trial, the court found for plaintiff, and, from the judgment entered in his favor, defendant appeals.

It appears by the evidence that some time prior to August 23, 1870, plaintiff's grantor, one Parsons, by a verbal contract, agreed to convey said 300-foot strip to defendant, who thereupon entered upon the land, and proceeded to grade its railroad across the same. On August 23, 1870, Parsons conveyed the 40 to plaintiff, but the deed contained the following reservation:

"Except so much of the above tract as is occupied by the right of way of the Winona and St. Peter Railroad as the same is now located through and on said tract."

Thereafter, on April 18, 1871, Parsons, pursuant to said verbal contract, made to defendant a deed which purports to convey to it said 300-foot strip. We are of the opinion that the above-quoted reservation in the deed to plaintiff excepted only so much of the right of way as was then actually occupied by defendant or marked out upon the land.

The reservation excepted only "so much   *   *   *   as is occupied by the right of way   *   *   *   as the same is now located through and on said tract." This does not refer to said verbal contract, but to the physical conditions which at the time actually existed on the land. The right of way extended through a tract of timber land, and the evidence tends to prove that, at the time in question, defendant had cut down the trees on a strip 100 feet wide,—50 feet on each side of the middle line of the track,—and no wider, and that the sides of this strip were bounded by well-defined lines. Then the court was warranted in finding that the exception in the deed to plaintiff reserved a strip only 100 feet wide,—50 feet on each side of the middle line of the track.

When plaintiff purchased the 40 he made no inquiry of defendant as to what its rights were. Appellant contends that, as it was in

possession at the time, plaintiff was put on inquiry as to the extent of its rights, that it was in position to enforce those rights by specific performance, and that plaintiff must be held to have purchased with notice of those rights, and subject to them. Conceding without deciding that appellant's position is correct, it does not follow that it should prevail in this action. Plaintiff, by the conveyance to him, took the legal title to all of this right of way except the middle 100-foot strip, and, if appellant's position is correct, he holds such title in trust for appellant; but it has not asked for specific performance or any equitable relief against him. In the absence of any such claim for equitable relief, he had a right to stand upon his legal title, and it must prevail.

This disposes of the case, and it is unnecessary to consider whether or not defendant's rights were cut off by the adverse possession of plaintiff.

Judgment affirmed.

BUCK, J.

I concur in the result, but I do not think that it ought to be conceded that plaintiff in any manner holds the extra 200 feet in trust for the benefit of the defendant. If any concession is to be made, it should be that plaintiff has an absolute title to the 200 feet, discharged from all claim, right or estate therein on the part of the defendant.