HUGH GALBRAITH v. JOSEPH YATES and Others.

May 14, 1900.

Nos. 12,074—(135).

Obstructing Road Ditch—Surface Water.

> In an action to restrain the defendants from obstructing a road ditch whereby the surface water collected by the ditch is set back and thrown upon the plaintiff's land, *held*, that the findings of fact by the trial court justify its conclusions of law to the effect that the plaintiff is entitled to judgment restraining such act, and for his damages.

Action in the district court for Polk county to restrain defendants from obstructing a ditch, and to recover $150 damages for obstructing the same. The case was tried before Watts, J., who found that plaintiff was entitled to the relief demanded and to $50 damages. From a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*H. Steenerson* and *W. E. Rowe*, for appellants.

*A. R. Holston* and *L. E. Gossman*, for respondent.

START, C. J.

This action was brought to restrain the defendants from obstructing a road ditch which runs along the north side of a town line highway between the towns of Andover and Hammond, in the county of Polk, at a point near the southeast corner of section 33 in the former town. The plaintiff's land abuts the highway on its south side, and that of the defendants on its north side. The plaintiff's land lies east of the point of obstruction, and that of the defendants to the west thereof. The plaintiff had judgment in the district court, from which the defendants appealed. The record in this court contains no settled "case" or bill of exceptions, and the question for this court to decide is whether the findings of fact of the trial court are sufficient to sustain its conclusions of law.

The here material facts found by the trial court are these: The highway in question was duly laid out and established on the town line between the two towns in the year 1885, and has ever since been a public highway. Since that date, and prior to April 13, 1899, a grade, and continuous ditches to make and improve the same, have been made upon the highway by the authority and direction of the board of supervisors of the town of Andover. The ditch on the north side of the grade, in time of heavy rains, accumulates large quantities of surface water, and carries it westward, in which direction it would not otherwise run in large quantities. This ditch on the north side of the highway could not be made continuous without diverting surface water from its natural course, and carrying it upon the land of the defendants in section 32 of the town of Andover, and thereby injuring it. The maintaining of this highway with a continuous ditch along the north side thereof, as constructed by the town of Andover, has the effect of carrying surface water from a large tract of country to the south and east of section 32 in the town of Andover upon that section where it would not otherwise go, and where there is no natural and sufficient outlet, and, if left open, would submerge part of the land of section 32, and damage the same to a considerable extent.

For about two years prior to April, 1899, at a point near the southeast corner of section 32 in the town of Andover, near the northwest corner of plaintiff's land, the ditch on the north side of the highway had been filled up by defendants without any authority so to do, making a dam therein, which caused the water coming through the ditch to back up. The placing and maintenance of a dam in the north-side ditch has the effect of improving the highway to the west of it, but the benefit to that is less than the injury to that part of the highway which is east of such dam. None of the defendants have received any authority from the board of supervisors of the towns of Hammond or Andover to obstruct the flow of water in the ditch.

The defendant Andrew Anderson was during the whole of the month of April, 1899, an overseer of highways of the town of Andover, duly elected and qualified, and the locus in quo was within his road district. Some time during that month, but prior to the

13th day thereof, the plaintiff entered upon such highway, and removed the dam, and opened the ditch, and thereby caused the water collected by the ditch to flow westerly and northerly over and upon the land of the defendants. Thereupon, and on the day last named, the defendant Andrew Anderson, claiming to act as such overseer of highways, entered upon the highway with the other defendants herein, and caused the dam so removed from the ditch by the plaintiff to be put in again so that the ditch was obstructed in the same manner as it was when he assumed the duties of overseer of highways. The defendant Andrew Anderson deemed the retention of the obstruction or dam in the ditch necessary in order to protect his own and other lands to the west thereof from being flooded and injured by water carried by the ditch in large quantities, where, but for the construction of the ditch, it would not have gone. The defendant Andrew Anderson, in replacing the dam or obstruction in the ditch, had no other authority than was possessed by him as overseer of highways. The town board of supervisors of the town of Andover had taken no action with reference to the obstruction in the ditch, either at the time it was removed by the plaintiff or at the time it was replaced by the defendants. The replacing of the dam in the ditch obstructed the flow of the water in the ditch, and caused it to overflow the highway, and flood the plaintiff's land, and from this cause he has sustained damages to the commencement of this action to the amount of $50. The maintenance of the dam by defendants would be a continuing injury to the plaintiff by reason of his land being flooded, for which he has not an adequate remedy at law, and would cause a multiplicity of actions.

As conclusions of law the trial court found that the plaintiff was entitled to judgment for $50 damages, and, further, that each of the defendants be enjoined from obstructing the ditch in question, and from interfering with the removal of the dam placed therein by them until they are authorized by the board of supervisors of the proper town so to do. ·

Do the facts found justify this conclusion of law? The defendants claim that they do not for the following reasons:

1. The diversion of the surface water by the towns by means of

the continuous ditch in question, as stated in the findings of fact, was in itself wrongful and unlawful. It is true, as the defendants claim, that if towns and municipal corporations, in constructing roads and streets, accumulate surface water, it is their duty to take care of it, if reasonably practicable, and prevent its injuring others. But the presumption, in the absence of evidence or finding to the contrary, is that the public officers charged with the duty of constructing the road ditch in question did their duty in the premises, and did not unnecessarily divert the surface waters. The findings do not, as the defendants seem to claim, show the contrary, or that the town, in building and maintaining the ditch, unnecessarily made it continuous, and thereby wrongfully collected and discharged the surface waters upon the defendants' land. On the contrary, the court found that the ditch, as constructed, was for the improvement of the road, and that it is of greater benefit to the road as a whole, if unobstructed, than it would be with the dam placed therein by the defendants. The findings of fact do not show that the road and ditch were negligently or improperly constructed and maintained by the town, and, when read as a whole, they justify the conclusion that the continuous ditch was an essential part of the highway, and lawfully constructed and maintained by the town.

2. That the act of the defendants in placing the dam in the ditch some two years before it was removed by the plaintiff was lawful. This proposition necessarily rests upon the claim that the continuous ditch was unlawful as to them. It being a lawful public structure, it follows that the act of the defendants in obstructing it was unlawful, as found by the trial court.

3. That, the public authorities having permitted the dam to remain in the ditch for some two years after the defendants placed it therein, the defendant Anderson was authorized, as overseer of highways, to replace it when the plaintiff removed it as an obstruction from the ditch. It is unnecessary to discuss the general powers and duties of such officers, for it is clear from the findings that the act of the defendants in restoring the obstruction was unlawful, although the defendant Anderson happened at the time to be such overseer, because, as we have stated, the dam, when orig-

inally placed in the ditch by the defendants, was and remained, until removed, an unlawful obstruction. Such being the case, the replacing of the dam by the defendants was also wrongful.

4. That the findings as to the amount of the plaintiff's damages and the continuing character of the injury to his land are not sufficiently specific to justify the judgment. We hold that they are.

Judgment affirmed.