LOU A. COLLITON v. MATTHEW OXBOROUGH.[1]

June 6, 1902.

Nos. 13,003—(143).

Trespass—Injunction.

The defendant wrongfully entered upon the plaintiff's farm, and threatened to repeat the trespass, by planting, harvesting, and carrying away the crops to be raised thereon, and, further, to interfere with her tenants, and carry away any crops they might raise on the farm.

[1] Reported in 90 N. W. 793.

The defendant is solvent. *Held*, that the trial court rightly awarded the plaintiff judgment restraining such threatened trespasses.

Appeal by defendant from an order of the district court for Hennepin county, Brooks, J., denying a motion for a new trial. Affirmed.

*John J. Martin* and *J. L. Dobbin*, for appellant.
*Penney & McMillan*, for respondent.

START, C. J.

Action to restrain threatened acts of trespass upon the farm of the plaintiff, consisting of the north $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of section 16, township 27 north, of range 24 west, in the county of Hennepin.

The complaint, with other matters, alleged that the defendant had repeatedly and publicly made threats that he intended to enter upon the plaintiff's farm, put in crops thereon, and harvest them, and to prevent the plaintiff or any one else from seeding her farm and harvesting the crops thereon; that, in partial execution of such threats, he had broken and trespassed upon such premises. The defendant, by his answer, admitted that he had stated that he intended to enter upon the premises and cultivate them during the season of 1901, and that such was his intention, by virtue of a lease thereof from the plaintiff to him. The reply denied the making of the alleged lease.

The here material facts, as found by the trial court, are substantially these: The plaintiff never leased the farm, or any part thereof, to the defendant, as alleged in the answer or otherwise. The defendant at all times mentioned in the complaint herein was, and ever since has been, solvent, and the owner of sufficient property not exempt from execution whereby to satisfy and pay all of his debts and obligations and any damages which plaintiff might have sustained from the threatened acts of the defendant mentioned in the complaint, had he not been restrained therefrom. That in the months of October and November in the year 1900, while the defendant's son was entitled to the possession of the farm by virtue of a lease thereof expiring March 10, 1901, the defendant plowed twenty-five acres thereof, and did thereafter, and subsequent to March 1, 1901, and while the plaintiff was entitled

to and in the possession of the premises, without her consent, enter and place and store farm machinery thereon. The defendant plowed the land and placed the machinery thereon with the intent and purpose to thereafter seed and cultivate the land, and raise and harvest crops thereon during the year 1901. The plaintiff rented parcels of land to persons other than defendant for terms commencing on or after March 10, 1901, and the defendant, after the commencement of this action, ordered such other persons from the land, and declared to them and to the plaintiff that, if they raised any crops thereon, he would harvest and remove the same; and, except for the temporary writ of injunction issued therein, defendant would have executed or attempted to execute his threat so made to plaintiff and her tenants, and in so doing would have repeatedly, without right, entered upon the premises, and trespassed thereon, subsequent to the commencement of this suit.

As a conclusion of law based upon these facts, the trial court found that the plaintiff was entitled to the decree of the court enjoining the defendant from breaking, entering, or trespassing upon her farm, or in any manner interfering with any of the crops raised or grown thereon during the year 1901, and ordered judgment accordingly. The defendant appealed from an order denying his motion for a new trial, and here urges that the findings of fact are not justified by the evidence, and that the facts found do not justify the court's conclusion of law and order for judgment.

The evidence, in several particulars, and especially upon the issue whether the plaintiff had leased the farm to the defendant, was radically conflicting. Upon the whole record, we hold the findings of the court as to the facts are fairly sustained by the evidence. This leaves for consideration only the important question whether the facts found by the court justified an injunction to restrain the defendant from committing the threatened trespasses. It is to be noted in this connection that there is no finding that the defendant threatened any permanent injury to the freehold estate of the plaintiff, or any injury thereto except such as would be incident to seeding the land, and harvesting the crops to be grown thereon. In view of this, and the further fact that the defendant is solvent, his counsel urge that the court ought to

have dismissed the action for the reason that the plaintiff had an adequate remedy at law. That she had a remedy by successive actions at law to recover damages for each trespass committed is true, but the question which we must determine is whether such a remedy was an adequate one, so as to oust a court of equity of jurisdiction to grant a preventive remedy by injunction.

The incompleteness and inadequacy of the legal remedy is the criterion which determines the right to the equitable remedy by injunction. 3 Pomeroy, Eq. Jur. § 1338. The earlier rule as to the jurisdiction of a court of equity to restrain trespass to real property was very strict, and such preventive relief would only be granted, if the wrongdoer was solvent, in cases where the threatened trespass was essentially destructive of the freehold. This doctrine had the sanction of the great name of Chancellor Kent, and was vigorously maintained in his last opinion as chancellor. Jerome v. Ross, 7 Johns. Ch. 315, 330, 11 Am. Dec. 492, and notes. The modern rule is less strict, for the day has passed when a wrongdoer, if he happens to be able to make a money compensation for the consequences of his acts, and refrains from acts destructive of the freehold, may repeatedly trespass upon real property in the possession of another, and threaten to continue indefinitely such wrongful acts, and not feel the restraining hand of equity. Injunctions, however, ought not to be granted for slight causes, or in any case except where it is clear that any legal remedy the party may have is inadequate. Hence if a threatened trespass to real property consists of a single act, which will be temporary in its effect, a court of equity, if the wrongdoer be solvent, will not interfere, but leave the injured party to his action at law for damages. But if the trespass is continuous in its nature, and its repetition is threatened, equity, although each act of trespass, if taken by itself, would not be destructive of the freehold, and the legal remedy would be adequate if each act stood alone, will prevent the threatened wrong by injunction, because the injured party has not a complete and adequate remedy by one action at law for the entire wrong, while a court of equity, by preventing the wrong, affords in a single action a complete remedy. 3 Pomeroy, Eq. Jur. § 1357; Chadbourne v. Zilsdorf, 34 Minn. 43,

24 N. W. 308; Heinzman v. Winona & St. P. Ry. Co., 75 Minn. 253, 77 N. W. 956; Galbraith v. Yates, 79 Minn. 436, 82 N. W. 683; Reeves v. Backus-Brooks Co., 83 Minn. 339, 86 N. W. 337; Lamprey v. Danz, supra, page 317.

The facts found by the trial court bring this case within this rule. The defendant claimed that he had a lease of the plaintiff's farm, which she denied. Thereupon he took the law into his own hands, and wrongfully entered upon her farm, and threatened to repeat the trespass during the whole of a cropping season, by repeated entries, and planting, harvesting, and carrying away the crops to be raised thereon, and, further, to interfere with her tenants, and carry away any crops they might raise on the farm. The acts of trespass which the defendant threatened to commit were necessarily continuous in their nature, and a high-handed and aggravating invasion of the plaintiff's property, and naturally calculated to provoke a breach of the peace. For such wrongs an action for damages would be wholly inadequate.

Order affirmed.