H. P. BAYA AND BETTIE BAYA, APPELLANTS, VS. THE TOWN OF LAKE CITY, A MUNICIPAL CORPORATION OF THE STATE OF FLORIDA, AND GUY GILLEN, MAYOR, AND A. J. MILLER, MARSHAL, APPELLEES.

1. Where application is made to dissolve a temporary injunction upon bill, answer and affidavits filed by the respective parties, the chancellor must be governed by the weight of the evidence, and unless it clearly appears

that the ruling upon such motion is against the weight of the evidence it will not be reversed on appeal.

2. The chancellor should not upon a mere motion to dissolve a temporary injunction based upon the bill, answer an affidavits submitted by the parties before the time for taking testimony has expired, dismiss the bill, unless the case made by the bill is not a proper one for equitable relief; for where the bill states a case for equitable relief it should be retained to enable the parties to take testimony and for such final decree as may be proper, even though a temporary injunction theretofore granted therein be dissolved upon such hearing.

3. A court of equity has jurisdiction to enjoin a municipal corporation from opening up and using as a public street, without the owner's consent, a strip of land belonging to an individual, which has never been condemned, dedicated or used as a street.

Appeal from the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Appellants.

*B. H. Palmer,* for Appellees.

PER CURIAM

On January 18, 1897, appellants exhibited their bill in equity against appellees, in the Circuit Court of Columbia County, alleging that they were the owners and in possession of certain land in the town of Lake City; that the town had never acquired any rights or exercised jurisdiction over any part thereof, but that said town by the

defendants, Gillen, mayor, and Miller, marshal, were then attempting to exercise jurisdiction over a certain portion thereof described as a strip thirty feet wide, one hundred yards deep in front of lands theretofore deeded by J. F. Baya to the Florida Agricultural College, claiming said strip to be a street of the town; that said strip for ten or twelve years theretofore had been vacant and used as an entrance to and exit from said college, and for private use by complainants' predecessor in ownerships, but that said strip had never been dedicated to the public, nor given or sold to the college, nor claimed or used as a street by the town; that on January 14, 1897, complainants enclosed same with a fence and the same remained enclosed and in complainants' possession at the time the bill was filed; that the town by its said mayor and marshal had caused complainant H. P. Baya to be arrested, and the mayor was about to have a charge against him placed upon the docket, and unless restrained would proceed to try him upon such charge for the alleged obstruction of a street of the town by erecting the fence aforesaid, and that the town authorities would also proceed to pull down said fence and to throw open and use the said strip of land as a street; that the town was a regularly organized municipal corporation and that if it were permitted to open up the alleged street and use the same for an indefinite period such use would ripen into an easement upon the land and deprive complainants of the use and enjoyment thereof.

The bill contains other allegations not necessary to be stated, and prays, among other things, that defendants be enjoined from exercising authority and jurisdiction over said strip of land and from opening up a street over and using same as a thoroughfare, and from arresting

and trying complainant H. P. Baya for the alleged offense of obstructing or closing up the said strip of land. Upon application to a court commissioner a temporary injunction was granted as prayed.

On January 20, 1897, the defendants filed their answer denying that complainants were the owners or in possession of the strip of land in controversy, asserting that the same was a street dedicated to the public by complainants' predecessor in ownership about thirteen years prior to the filing of the bill, and averring that the said strip had been open to the public as a street for that length of time, and recognized, worked and improved as such by the town and the public. It admitted that the town would continue to exercise jurisdiction over said strip as a street, and that a charge had been preferred against complainant H. P. Baya for obstructing same by fencing it as alleged in the bill. The answer contained other allegations not necessary to be set forth.

On the same day defendants filed their motion to dissolve the injunction upon various grounds questioning the jurisdiction of equity to grant the injunction prayed, and also upon the ground that the answer denied all the equities of the bill . At the hearing of this motion affidavits were filed by complainants in support of the bill, and by the defendants in support of the answer, and the court made an order not only dissolving the injunction, but also dismissing the bill. From that decree this appeal is taken, and the first error assigned is that the court erred in dissolving the injunction and dismissing the bill.

The evidence submitted in the shape of affidavits upon the hearing of the motion to dissolve was conflicting, and this court can not say that it clearly appears that the Circuit Court decided against the weight of the evi-

dence in his ruling granting the motion. The decree in so
far as it dissolved the injunction must, therefore, be af-
firmed. But the court proceeded further and dismissed
the bill. As the case was not before him for final hearing,
he could not properly dismiss the bill upon a hearing of a
motion to dissolve, unless the case made by the bill was
not a proper one for equitable relief, but only upon a final
hearing after an opportunity was given the parties to
make up issues and take testimony. We, therefore, in-
quire whether the bill stated a case for equitable relief.

The defendants did not demur to the bill, nor reserve
grounds of demurrer thereto in the answer. While the
allegations of the bill are somewhat meager, we have
stated sufficient of them to show that it alleged that de-
fendants, the town and its officers, were about to open
up and use as a street a strip of complainants' land
which had never been dedicated or used as a street or
public thoroughfare of the town, against the wishes of
complainants. This was sufficient to authorize a court
of equity to enjoin such an unauthorized act, and we
think the case made by the bill, to that extent at least,
was within the jurisdiction of a court of equity. Poirier
v. Fetter, 20 Kan. 47; Chadbourne v. Zilsdorf, 34 Minn.
43, 24 N. W. Rep. 308; Johnson v. City of Rochester, 13
Hun, 285; 1 High on Injunctions, section 597a.

Whether the court had jurisdiction to enjoin the pros-
ecution of complainant H. P. Baya for obstructing the
street is a more doubtful question, and one which it is
not necessary to decide upon this appeal, but whether so
or not, it did have jurisdiction to enjoin the opening of
the street, and the court should have retained the bill in
order to enable the parties to make up the issues and pro-
duce testimony upon that question. The fact that the

temporary injunction was dissolved during the progress of the case should not deprive the complainants of the right to prove their case, if they can, and upon the final hearing secure a perpetual injunction against the use of said land as a street.

The decree, in so far as it dissolves the injunction, is affirmed, and so far as it dismisses the bill is reversed, and the cause is remanded for further proceedings according to chancery practice and consistent with this opinion. The costs of this appeal to be taxed, one half thereof against the appellants and the other half against the appellees.