## DESKINS et al. v. ROGERS.

No. 9219—Opinion Filed April 29, 1919.

(180 Pac. 691.)

(Syllabus.)

### 1. Trial—General Finding—Effect.

A general finding by the court in favor of plaintiff is equivalent to a finding of each special fact necessary to sustain the judgment rendered.

### 2. Appeal and Error—Equitable Action—Review of Evidence.

In an action of an equitable nature the Supreme Court will weight the evidence, and will affirm the judgment, unless the same is against the clear weight of the evidence.

### 3. Injunction—Continuous Trespass to Realty—Adequate Remedy at Law.

Where a trespasser persists in trespassing upon real estate in the possession of another, and succeeds in obtaining a scrambling possession and threatens to continue his wrongful invasion of the premises, equity will restrain such trespass, although the trespasser may be solvent and financially able to respond in damages, for in such cases the party in possession has no adequate remedy at law.

### 4. Same—Title of Plaintiff.

In an action to enjoin repeated trespass upon real estate, proof of prior possession by plaintiff is sufficient to entitle him to relief until the right to possession has been determined.

Error from District Court, Murray County; F. B. Swank, Judge.

Suit for injunction by Hugh Rogers against H. H. Deskins and others. Temporary injunction made permanent, motion for new trial denied, and defendants bring error. Affirmed.

Broadbent & Rawling and Sigler & Howard, for plaintiffs in error.

Geo. M. Nicholson and Ledbetter & Adams, for defendant in, error.

HARDY, C. J. Defendant in error, who will be designated as plaintiff, filed suit against plaintiffs in error, who will be designated as defendants, praying an injunction, restraining defendants from trespassing on certain lands. Upon filing the petition, temporary injuncton was issued without notice. Thereafter defendants filed motion to vacate said injunction, upon the hearing of which evidence was introduced. At the conclusion of the hearing the motion to dissolve the injunction was overruled, and thereupon the court upon motion of defendants considered said motion as an answer in said cause. Plaintiff filed reply thereto; and, the parties agreeing that the court should treat the hearing as final upon the pleadings thus made, the injunction theretofore issued was made permanent. Motion for a new trial was filed and overruled, and defendants bring the case to this court for review.

Defendants contend that the evidence established the fact that they were in posses-

sion of the premises at the .time .the injunction was granted, and that plaintiff has an adequate remedy at law. Necessarily the court considered the ·question of who was in possession at the·time its jurisdiction was invoked, and the general finding for plaintiff was equivalent to a finding of each special fact necessary to sustain the judgment rendered. Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181. Therefore the court must have found that plaintiff was in possession at·the ·time suit was commenced before he would have issued an injunction restraining defendants from interfering with that possession, and this finding is amply supported by the evidence.

It appears that defendants' employes were living at a ranchhouse on the Hindman place, adjoining the property of which plaintiff had possession; that plaintiff's·foreman lived on the land in controversy, of which plaintiff had been in possession for several years; that plaintiff had fenced it as a pasture with gates between the different subdivisions thereof, so that his stock could go to·water; that at the time of the first trespass complained of plaintiff was in exclusive possession of, and had a number of horses and mules thereon when defendant turned a herd of cattle into the pasture with plaintiff's stock. When this occurred plaintiff's foreman and employes drove defendants' cattle out of the pasture. There is some evidence to show this was not done, but all the evidence shows that defendants' right to turn into the pasture was disputed. The evidence justifies a finding that defendants repeatedly and continuously trespassed upon plaintiff's possession, but at no time succeeded in ousting plaintiff, and the most that can be said was that defendants by their continuous efforts obtained a scrambling possession of a portion of the premises. The judgment of the court, not being against the clear weight of the evidence, will not be disturbed.

The petition was not fatally defective, in that it did not allege that defendants were insolvent. Where, as here, plaintiff was in possession, the mere fact that defendants who trespass upon his possession may be rich and the plaintiff poor will not authorize defendants to take the law into their own hands and by force wrest possession of the property from plaintiff, and then be heard to say that plaintiff must resort to an action for possession for every trespass committed; for in such situation plaintiff is entitled to appeal to a court of equity to protect his possession by injunctive relief,

without regard to the question whether defendant is insolvent or not. A person in possession ought not to be harrassed and annoyed by being required .to .bring a new · suit every day to oust a trespasser from possession as long as he persists in trespassing upon the premises in controversy, for the day has passed when a wrongdoer may repeatedly trespass upon real estate in the possession of another and threaten to continue indefinitely such wrongful acts, and not feel the restraining hand of equity simply because he may be financially ·able to make reparation at the end of numerous lawsuits for the wrong committed accord-ing to the measure of damages which the rules of law prescribe. Under such circumstances, the party in possession has no adequate remedy at law. It may be true that for a single act or a single trespass the award will afford adequate relief, but where repetitions thereof are threatened and the injuries which follow such trespass are irreparable, injunction will ordinarily issue. 1 Joyce on Injunc. § 523; 5 Pom. Eq. Jur. p. 829, § 492; 22 Cyc. 836; 14 R. C. L. § 158, p. 457; O'Brien v. Murphy, 189 Mass. 353, 75 N. E. 700; Edwards v. Haeger, 180 Ill. 99, 54 N. E. 176; Colliton v. Oxborough, 86 Minn. 361. 90 N. W. 793; Baldwin v. Fisher et al., 110 Minn. 186, 124 N. W. 1094: Cobb v. Atl. Coast Line R. Co., 172 N. C. 58, 89 S. E.' 807; Moore & Co. v. Daugherty et al., 146 Ga. 176, 91 S. E. 14; Metropolitan Land Co. v. Manning, 98 Mo. App. 248, 71 S. W. 696.

In a suit to enjoin trespassers upon plaintiff's possession of real estate, prior possession of the premises by plaintiff furnishes prima facie evidence, and affords sufficient strength to plaintiff's evidence to entitle him to relief against a trespasser until the right to possession can be determined. 22 Cyc. 826; Burnett v. Sapulpa, 59 Okla. 276, 159 Pac. 360; Murphy v. Fitch, 35 Okla. 364, 130 Pac. 298; Glasco v. School Dist. No. 22, McLain County, 24 Okla. 236, 103 Pac. 687; Collier et al. v. Bartlett, 71 Okla. 133, 175 Pac. 247.

It is urged there is no evidence showing that plaintiff suffered irreparable injury, and insisted that plaintiff's only injury would be 15 cents per acre for the grass upon said premises. Plaintiff owned a large number of cattle in Texas, which he contemplated moving to the premises to pasture because of the drought in Texas. The argument of defendants simply amounted to this, that plaintiff should have sold his cattle at whatever price he could get, and have given up his business ·altogether, in

order that defendants might forcibly oust him from possession of the pasture and appropriate same to their own use. The estimate of 15 cents per acre for the grass fails to take into consideration the damage which plaintiff would suffer by reason of his cattle being kept in Western Texas without grass or water, or the benefits that he would obtain by pasturing his cattle upon the premises, and the enhanced value that would accrue to him by reason thereof. Plaintiff could only use the grass by pasturing his stock thereon, and the benefits thereby obtained would only be manifested in the improved condition of his herds. Again, the defendant's trespasses were continuous, and the vexation and annoyance of repeated litigation could not be adequately measured. While the damages flowing from one act of trespass might be inconsiderable, yet when they are continuously occurring, equity will interfere and grant relief, otherwise the injured party will be practically without redress, and the failure of equity to restrain the wrongdoer would tend to encourage repeated trespasses. Central Ore. Irr. Co. v. Whited, 76 Or. 255, 142 Pac. 779, 146 Pac. 815; Barboro et al. v. Boyle et al., 119 Ark. 377, 178 S. W. 378; Carter v. Warner, 2 Neb. Unof. 688, 89 N. W. 747.

It is not enough that there is a remedy at law. It must be plain and adequate, or, as sometimes stated, it must be as practical and efficient to the ends of justice and its proper administration as the remedy in equity. Barnes v. Newton, 5 Okla. 435, 48 Pac. 190, 49 Pac. 1074; Boyces, Ex'r. v. Grundy, 3 Pet. 210, 7 L. Ed. 655; Watson v. Sutherland, 5 Wall. 74, 18 L. Ed. 580.

How could plaintiff be compensated at law for the injuries he would suffer should the wrong of which he complains be continued. The law affords no adequate remedy by which to take into consideration and measure the value of the annoyance and inconvenience which plaintiff would suffer in addition to the monetary damage sustained by him. Besides, the value of the improved condition of his herds which would come by reas n f the use of the grass and water cannot be accurately estimated. In other words, a failure of business prospects is too indefinite to be measured and compensated in an action at law, and where an act is about to be committed, the result of which would be to curtail or destroy a portion of the business in which a person is engaged, a court of equity arrests the proceedings, brings the parties before it, hears their allegations and proof, and awards such relief as will preserve and protect the respec-

tive rights of the parties so as to avoid a The judgment is affirmed.

RAINEY, PITCHFORD, HARRISON, and JOHNSON, JJ., concur.

situation where relief could not be had at law.