## MONTGOMERY v. COLEMAN-NELSON GASOLINE CO.

No. 17950. Opinion Filed March 6, 1928.

(Syllabus.)

**1. Injunction—Writ not Available to Transfer Possession of Property.**

The law is well settled that a court of equity will not interfere by injunction with the possession of a party for the purpose of transferring the possession to another.

**2. Same—Injunction Against Trespass Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by the Coleman-Nelson Gasoline Company against E. P. Montgomery. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles P. Gotwals and John T. Gibson, for plaintiff in error.

Sam A. Neely and Burns McCain, for defendant in error.

HEFNER, J. The Coleman-Nelson Gasoline Company, as plaintiff, brought suit in the district court of Muskogee county against E. P. Montgomery, as defendant, and the parties will be referred to herein as they there appeared. The object of the suit was to enjoin the defendant from trespassing upon certain property in Muskogee county and from entering upon said premises or from attempting to take possession thereof.

The property belonged to the plaintiff and consisted of certain real estate on which was situated a plant used for the purpose of refining crude oil. The premises were fenced with a 16-foot barbed wire fence with gates for entrance and exit which were kept closed. The plant was not in actual operation and the plaintiff had a man by the name of DeGraff in a house located thereon to look after it. The plaintiff never rented the property to anyone. Mr. Nelson, president of the plaintiff company, saw the defendant on the property about a week before the suit was filed. He was taking down some electric equipment and the tanks. DeGraff's personal belongings were still on the premises.

The defendant claimed a right to go upon the ground by virtue of a tax deed that had been issued to him. Mr. Nelson testified also that the plaintiff had never been evicted from the property.

Upon the filing of the petition the court granted a restraining order, and thereafter the defendant filed a motion to modify the restraining order so the same would in no wise affect the possession of the defendant as it existed at the time of the filing of the action. When the motion to modify came on for hearing, the court, on its own motion, appointed a receiver to take possession of the property until further order of the court, and set the cause for hearing on the application for a temporary injunction for October 16, 1926. On that date the court heard the application for the temporary injunction, and after hearing the evidence, among other things, found that the facts set forth in the plaintiff's petition were true, and that a temporary injunction should be allowed restraining the defendant from interfering with the possession of the plaintiff. The receiver theretofore appointed by the court was discharged and he was ordered to turn over the possession of the premises to the plaintiff. From this order the defendant has appealed to this court.

At the time the temporary injunction was granted, the case was not at issue on the merits and the order of the court was not an adjudication of the issues between the plaintiff and defendant on the merits. The matter here presented by the defendant for consideration is the propriety of a court of equity interfering by injunctive orders with the possession of a party who has, without breach of the peace, actually acquired

physical possession of property purchased at a tax sale.

The law is well settled that a court of equity will not interfere by injunction with the possession of a party for the purpose of transferring the possession to another.

The defendant testified that after he received his tax deed he went upon the property and took possession. The evidence clearly shows that the plaintiff was never evicted from the possession of the property, and the trial court in its findings found that the allegations in the petition of plaintiff were true, and it alleged that it was and had been in peaceful possession for a period of three years. The evidence as to possession is conflicting. In the case of Deskins v. Rogers, 72 Okla. 274, 180 Pac. 691, this court said:

"Defendants contend that the evidence established the fact that they were in possession of the premises at the time the injunction was granted, and that plaintiff has an adequate remedy at law. Necessarily the court considered the question of who was in possession at the time its jurisdiction was invoked, and the general finding for plaintiff was equivalent to a finding of each special fact necessary to sustain the judgment rendered. Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181. Therefore the court must have found that plaintiff was in possession at the time suit was commenced before he would have issued an injunction restraining defendants from interfering with that possession, and this finding is amply supported by the evidence."

We think, under the rule announced in the above case, the trial court, under the evidence in the case at bar, was justified in issuing the temporary injunction. Its judgment is accordingly affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 32 C. J. p. 131, §173. (2) 32 C. J. p. 351, §582.