## WORRELL v. PRUITT & CO.

No. 19090. Opinion Filed May 28, 1929.

Rehearing Denied July 16, 1929.

Sandlin & Winans and Bond & Bond, for plaintiff in error.

Sullivan & Rice, for defendants in error.

DIFFENDAFFER, C. The parties hereto are in the same relation as in the trial court, and will be so referred to herein.

Plaintiff commenced this action in the district court of Stephens county to obtain an injunction against defendants enjoining them from going upon certain premises owned by plaintiff, and from molesting in any manner a certain gas well situated thereon and from pulling and removing or attempting to pull and remove the casing from said gas well.

The petition, in substance, alleges: That on July 20, 1920, the plaintiff executed and delivered to the Roxana Petroleum Corporation an oil and gas mining lease covering the premises; that under said lease the Roxana Petroleum Corporation drilled a well to the approximate depth of 1,800 feet, which produced gas in paying quantities for some two or three years; that said company negligently permitted said gas well to become nonproductive by failing to properly care for said well and keep it properly cleaned out; that at the time of the filing of the petition, said well, if cleaned out properly, would still make a good producing well; that on

or about the 31st day of August, 1925, the Roxana Petroleum Corporation released said oil and gas mining lease and abandoned and surrendeed same to plaintiff; that defendants, without authority of law and without the consent of plaintiff, entered upon said premises and were about to pull the casing from said well so as to destroy the well and the value of plaintiff's land as oil or gas producing land.

A temporary restraining order was issued by the county judge in the absence of the district judge from the county. A hearing was set for April 4, 1927, on the application for a temporary injunction. This hearing was continued from time to time until after defendants filed their answer, whereupon it was stipulated that the cause might be tried upon its merits. Trial was had upon the merits April 14, 1927. At the close of plaintiff's evidence, defendants demurred thereto, which demurrer was sustained and the cause dismissed. From this order, after unsuccessful motion for new trial, plaintiff appeals.

No supersedeas bond was given. Petition in error and case-made were filed on January 16, 1928. On March 8. 1928. defendants in error filed herein their motion to dismiss the appeal, upon the ground that the question involved had become moot. They filed therewith the affidavit of L. A. Pruitt, one of the members of copartnership, in which he stated:

"That the said cause was tried on the 14th day of April, 1927, in the district court of Stephens county, Okla., as is shown at page 73 of the case-made herein; and that upon trial, the said restraining order theretofore issued and kept in force in said cause was dissolved and set aside and the cause dismissed. That thereafter, the said Pruitt & Company, which is a concern engaged in the business of pulling casing from oil and gas wells that have ceased to produce oil or gas, in pursuance of a contract theretofore made with the Roxana Petroleum Corporation, the owner of the casing in the hole in question, the same being located on the northeast quarter of the southeast quarter of section 19, township 1 south. range 8 west, Stephens county, Okla., did enter upon the above-described premises and pull from said abandoned oil and gas well all of the casing therein possible to be pulled, and did remove and caused to be removed from said premises all of said casing and all of the property belonging to the said Roxana Petroleum Corporation. That said casing and property were removed from said leasehold immediately after the temporary restraining order theretofore granted herein was dissolved; and that said Pruitt & Company, a

copartnership composed of the parties heretofore mentioned has no interest whatsoever in said leasehold; has no desire or cause to go upon said leasehold in question; that said Pruitt & Company has done everything that they desired to do, or had occasion to do, which they were prevented from doing by reason of said restraining order, and that no further cause, excuse, or provocation whatsoever exist for said Pruitt & Company to go back upon said above-described leasehold. That said affiant pulled and caused to be pulled from said oil and gas well all of said casing, and removed from said leasehold all of the property on or about the 20th day of May, 1927."

They also filed with the motion to dismiss the affidavit of James R. Short, the agent and superintendent in charge of plugging abandoned wells of the Roxana Petroleum Corporation, in which it was stated:

"That thereafter, and on or before May 20, 1927, the said Roxana Petroleum Corporation, acting by and through Pruitt & Company, a copartnership and defendant in error herein, did pull from said abandoned gas well on the northeast quarter of the southeast quarter of section 19, township 1 south, range 8 west, Stephens county, Okla., all of said casing belonging to said Roxana Petroleum Corporation that was possible to be pulled, and did, on or before said date, remove from said leasehold covering the above-described premises said casing and all other property, material, equipment, and supplies belonging to said Roxana Petroleum Corporation, all of which was done by and through a contract with said Pruitt & Company, a copartnership composed of L. A. Pruitt and Mrs. Rosa Johns. And that since said 20th day of May, 1927, the said Roxana Petroleum Corporation has had no right, claim, title, or interest in and to said leasehold, or any property thereon, and had before said last-mentioned date removed from said leasehold, by and through said Pruitt & Company, all property claimed by said Roxana Petroleum Corporation, and that by reason thereof at this time the said Roxana Petroleum Corporation and the said Pruitt & Company have no cause, provocation or excuse to re-enter said premises, or go upon said leasehold for any purpose whatsoever. That by reason thereof the Roxana Petroleum Corporation, former lessee of said above-described premises, has no reason, excuse or desire whatsoever to go upon or enter said premises for any purpose, having heretofore, since the dissolution of said restraining order, entered and removed from said premises all of the property claimed or owned by said Roxana Petroleum Corporation, and, therefore, there remains nothing to be determined in this action as the issues involved in the above-styled and numbered cause have become moot since the dis-

solution by the trial court of said restraining order."

These affidavits if uncontroverted would be sufficient upon which to base an order dismissing the appeal, under the holding of this court in Drummond et al. v. City of Ada et al., 86 Okla. 32, 206 Pac. 200; Teter et al. v. Bd. of Education, City of Drumright, 85 Okla. 16, 204 Pac. 129; Youngblood et al. v. Town of Wewoka, 95 Okla. 28, 225 Pac. 695.

In the latter case, it was held:

"When the question presented by an appeal has become moot, the appeal will be dismissed.

"A court will not entertain an action to enjoin a party from doing that which he has already done."

But after the defendants filed their motion to dismiss and the affidavits above referred to, plaintiff filed an affidavit in opposition to the motion, in which he stated:

'That at the time of the commencement of said action there were 5,549 feet of oil and gas well casing in said well, and that there was taken out of said well by the defendant in said action 1,584 feet of casing, leaving in said well 3,965 feet of casing, which 3,965 feet of casing yet remains in said well."

He objects to the dismissal of the appeal on the grounds:

"First. There remains in the hole 3,965 feet, and, so far as the facts reflected by the record in this case show, the plaintiff is in the lawful possession of that pipe and should not be disturbed in his possession of it; and, second, the statement of Pruitt in his affidavit that the defendants have no interest in said leasehold, and have no desire or cause to go upon said leasehold, amounts to nothing more than a promise that they will not trespass further upon the plaintiff's land, and will not at any time make any further efforts to pull any of said 3,965 feet of casing remaining in said hole."

He further insists that the affidavit and motion of defendants amount merely to a disclaimer of any interest in or right to the casing yet remaining in the well, and a promise not to attempt to remove same in the future, and that plaintiff is at least entitled to an injunction enjoining defendants from removing or attempting to remove any part of the casing now in the well.

We are of the opinion that, in view of the record as a whole, the motion to dismiss the appeal should be and is hereby denied.

We have carefully examined the record and the evidence introduced by plaintiff, and

are of the opinion that plaintiff established a prima facie case, which, in the absence of any evidence to the contrary, entitles him to an injunction as against the defendants. He showed that he was the owner of and in possession of the premises; that the Roxana Petroleum Corporation, under an oil and gas mining lease held by it, drilled a well thereon in which it placed the casing in controversy; that on the 31st day of August, 1925, nearly 19 months prior to the commencement of this action, the Roxana Petroleum Company unconditionally released and surrendered the oil and gas mining lease to the plaintiff. There is nothing in the release, which was introduced in evidence, tending to show that the Roxana Petroleum Corporation reserved to itself the right to go upon the premises thereafter and remove the casing from the well. The lease itself may have reserved that right, but the lease is not in evidence, and we know nothing about its terms in that respect, so we cannot say from the record that the Roxana Petroleum Corporation itself had the right to remove the casing. But, if it did, these defendants are not shown to have had any authority from the Roxana Company to remove anything whatever from the premises, so far as this record is concerned. Aside from the answer of defendants, there is no authority whatever shown for the action of defendants in going upon plaintiff's premises and removing the casing or any part thereof from the well.

Defendants contend that the judgment should be affirmed for the reason that plaintiff in his petition did not allege that defendants were insolvent and unable to respond in damages. A number of cases are cited wherein the position of defendants in this regard has been upheld when the question was properly and timely presented by demurrer or other plea raising the question. In the instant case, there was no demurrer to the petition, nor was there any other plea, whereby this particular question was called to the attention of the court. As a rule, under the provisions of section 270, C. O. S. 1921, it will be held that, where a defect appears upon the face of a petition and no objection be taken by demurrer or answer, the defendant will be deemed to have waived the same.

Plaintiff did allege in his petition that he had no adequate remedy at law. While this allegation may be a mere conclusion, yet, when taken with other allegations of the petition, which were to the effect that the gas well was still capable of being made to produce gas in paying quantities if properly cleaned and cared for, we think the petition is sufficient in the absence of specific objections.

In Deskins et al. v. Rogers, 72 Okla. 274, 180 Pac. 691, the court, in considering the contention that the evidence did not show that plaintiff had suffered irreparable injury, said:

"It is not enough that there is a remedy at law. It must be plain and adequate, or, as sometimes stated, it must be as practical and efficient to the ends of justice and its proper administration as the remedy in equity."

Defendants by their demurrer to plaintiff's evidence admitted all of the facts produced, together with all reasonable inferences therefrom, and the evidence of plaintiff being sufficient to make a prima facie case, it was error to sustain the demurrer, Worley v. Carroll, 110 Okla. 199, 237 Pac. 120.

The judgment should be reversed and the cause remanded, with directions to grant plaintiff a new trial.

BENNETT, FOSTER, JEFFREY, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 R. C. L. p. 169; 1 Perm. Supp. p. 357. See "Appeal and Error," 4 C. J. §2427, p. 603, n. 39. "Trial," 38 Cyc. p. 1543, n. 69; p. 1548, n. 27.