BRADHAM v. JOHNSON.

No. 31624. Feb. 13, 1945.

Rehearing Denied March 27, 1945.

*156 P. 2d 806.*

Geo. T. Arnett, of Idabel, for plaintiff in error.

Tom Finney, of Idabel, for defendant in error.

OSBORN, J. The plaintiff, E. G. Bradham, instituted this action, on the 11th day of August, 1943, in the district court of McCurtain county against the defendants, Isam Johnson, Bentley Johnson, and M. S. Locke, for damages and for an injunction restraining and enjoining the defendants from going upon certain land. On the above-mentioned date the court issued a temporary injunction without notice, which was served upon the defendant Bentley Johnson. Neither of the other defendants was served with a summons or with a copy of the temporary injunction.

On September 1, 1943, the defendant Bentley Johnson filed a motion to dissolve the temporary injunction. On hearing, on September 6, 1943, the trial court dissolved the same, and the plaintiff has appealed. The parties will be referred to as they appeared in the lower court. The only defendant involved in this appeal is Bentley Johnson.

The plaintiff in his petition alleges that he is the owner, and in possession, of certain specifically described land and certain alleged accretions thereto belonging. The plaintiff does not ask that his title be determined, but merely asks that the defendant be enjoined from interfering with his possession.

The defendant by his motion to dissolve the temporary injunction denies the plaintiff's ownership and possession of the alleged accretions to the specifically described land. The defendant alleges that he is in possession of such accretions under a permit to occupy from the United States Government and has been in continuous possession under such authority since 1937.

The land in controversy lies south of Red river and north of the Texas-Oklahoma boundary line and will be referred to as "New Lake Bend."

According to the record the plaintiff purchased certain land from T. E. Derryberry by warranty deed which specifically described the land by metes and bounds and adds: "all accretions thereunto." T. E. Derryberry had purchased the land from George Ashford by quitclaim deed wherein the land was described by metes and bounds, and then stated: "and all accretions thereunto belonging." George Ashford purchased the specifically described land from McCurtain county after tax resale, and had brought a suit to quiet title, and the judgment quieting the title described the land specifically by metes and bounds without any mention of accretions. The unallotted land deed from the Choctaw-Chickasaw Nations specifically described the land by metes and bounds. Neither do any of the other conveyances affecting the land contain any mention of the accretions. The legal title to the alleged accretions to the specifically described land has never been judicially determined.

The plaintiff testified that before he obtained a deed (May 22, 1942) he went upon the land and inspected it; that he did not see anyone in possession; that he did not see any fencing or building on the land; that in January, 1943, he had a conversation with Mr. Isam Johnson as to the location of the land and was informed by Mr. Isam Johnson that the land belonged to the Choctaw-Chickasaw Nations and that his (plaintiff's) title would be contested. There is no evidence to show that the plaintiff did anything to exercise his possession of the land from the date of his purchase until January, 1943, when he went thereon and built a fence. T. E. Derryberry, the immediate grantor of the plaintiff, testified that at the time he bought the land (February, 1942) he inspected the land and did not find any improvements or see any indications that anyone had possession; that he talked to Bentley Johnson with reference to selling him (Johnson) the land; that he had an abstract prepared which was examined by Johnson's attorney, and thereafter was informed by Johnson that he was not interested in buying the land; that Johnson did not make any

claim of possession of the land at that time.

The record discloses that Isam Johnson and Bentley Johnson, who owned contiguous land in Texas, obtained permission to occupy the "New Lake Bend" land from the Department of Interior for the year 1938, and continued to occupy the land under such arrangement to and including the year 1943; that the land was unimproved pasture land and that defendant had grazed cattle upon the "New Lake Bend" land continuously since 1938; that he had cattle grazing upon the land at the time the temporary injunction was served upon him and was using said land at the time plaintiff purchased it. The Indian Agent testified that Isam Johnson had made application to occupy the land known as "New Lake Bend" for each year since 1938 to and including 1943; that although the land was not specifically mentioned as "New Lake Bend" until the application for 1943, it was intended that such land be included; that the Department of Interior contended that the Choctaw and Chickasaw Nations owned the "New Lake Bend" land as unallotted land; that he advised the defendant to remove the fence from the "New Lake Bend" land; that he mailed the plaintiff a notice to stop cutting timber on the land, which notice was dated January 23, 1943, and was sent to plaintiff by registered mail.

The defendant claims title to a small part of the land in dispute as accretions to land owned by him in the State of Texas.

The question presented for our determination is: Did the trial court abuse its discretion in dissolving the temporary injunction?

In Cunningham v. Ponca City, 27 Okla. 858, 113 P. 919, we held:

"The dissolution of an injunction is largely a matter of judicial discretion, to be determined by the facts of each particular case; and, except in cases of palpable abuse of such discretion or a clear showing of error on the part of the trial court, the reviewing court will not interfere with or in any manner control this discretion."

See, also, Midland Valley R. Co. v. Imler et al., 101 Okla. 298, 225 P. 919, and cases therein cited.

If we consider the record in a light most favorable to plaintiff, the most that can be said is that plaintiff has been in scrambling possession, and has never been in absolute possession, of the land to which the title has never been admitted or judicially determined. The defendant continued to graze cattle upon the land under authority from the Department of Interior, even after the fence was constructed by the plaintiff in January, 1943, and was grazing said land during the time the fence was being built in August of the same year.

In 32 C.J., page 134, sec. 178 (3), it is stated:

"Since, ordinarily, an injunction will not lie as an original and independent proceeding to determine the title to land, and is not a proper substitute for an action of ejectment or forcible entry and detainer, in the absence of some statutory provision to the contrary, the rule is that an injunction will not issue, the effect of which will be to take land out of the possession of one party and put it in the possession of another, at least until complainant's title had been established at law. . . ."

In Montgomery v. Coleman-Nelson Gasoline Co., 130 Okla. 14, 264 P. 895, it was held:

"The law is well settled that a court of equity will not interfere by injunction with the possession of a party for the purpose of transferring the possession to another."

The trial court did not abuse its discretion or commit error in dissolving the temporary injunction.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.