**MID-CONTINENT PIPE LINE COMPANY,**
Plaintiff in Error,

v.

**Verna EMERSON and Olna Emerson,**
Defendants in Error.

No. 40195.

Supreme Court of Oklahoma.

July 14, 1964.

Rehearing Denied Sept. 15, 1964.

M. Darwin Kirk, J. P. Greve, Ben Hatcher, Tulsa, for plaintiff in error.

Hardin Ballard, James H. Ballard, Purcell, for defendants in error.

JACKSON, Justice.

In this case the plaintiff, Mid-Continent Pipe Line Company, immediately prior to August 20, 1958, went into possession of a portion of defendant, Verna Emerson's land in McClain County, Oklahoma, and constructed a pipe line and pump unit for the purpose of transporting oil from oil wells located in the area, and also to transport anticipated production from defendants' land and other lands in that area which was

under forty acre spacing for oil wells. The defendant, Olna Emerson, husband of defendant Verna Emerson, accepted $200.00 from plaintiff as compensation for crop damages resulting from the construction of the pipe line and other facilities.

Mid-Continent remained in continuous peaceable possession of the premises and was in possession on February 8, 1961, when the defendant, Olna Emerson, threatened to take possession by force and violence. Thereupon this action was filed wherein Mid-Continent prayed that the defendants be enjoined from interfering with Mid-Continent's operation and maintenance of its pipeline and pump station situated upon the premises. A temporary injunction was issued but was dissolved upon final hearing and a permanent injunction was denied. This judgment was superseded and Mid-Continent appeals.

The injunctive relief sought was solely for the purpose of maintaining the status quo and to keep the Emersons from taking possession of the premises occupied by Mid-Continent by force and violence and by threats of force and violence. Mid-Continent took the position that under its power of eminent domain it took possession of the premises and that the defendants' sole and exclusive remedy for damages is by reverse condemnation. That in legal effect Mid-Continent's appropriation of the land on August 20, 1958, will be treated in law as "equivalent to title by condemnation" as expressed in the first paragraph of the syllabus in St. Louis & S. F. R. Co. et al. v. Mann, 79 Okl. 160, 192 P. 231. The defendants by their answer and during the trial took the position that Mid-Continent was a trespasser and therefore not entitled to injunctive relief. Thus the questions presented are (1) whether the courts will protect a claimant in peaceable possession of property where forcible possession is sought to be taken by a claimant out of possession, and (2) whether title may be tried in an injunction suit where the parties have adequate remedies by law, or by special proceedings.

Additional facts will be helpful on the question of whether an injunction should have been granted.

On August 8, 1958, Kirby Petroleum Co. was drilling an oil well on defendants' land. Kirby had made arrangements to sell the production from defendants' land to D–X Sunray Oil Company. D–X had already made arrangements with Mid-Continent to transport the production from defendants' well through Mid-Continent's pipeline system. Mid-Continent believing that defendants' land and other lands in the area would be productive, and being the only pipeline company in the field, laid out its collecting lines and power plant to collect and transport the existing production as well as the prospective production from other lands, which included the land of the defendants. This collecting system, together with the pump station, cost Mid-Continent approximately $14,000.00, and was installed not later than August 20, 1958, without any obligation from the owners of the land (defendants herein).

The record further shows that drilling continued on defendants' land until August 20, 1958, when defendants' land was found to be dry and the well was abandoned. However, Mid-Continent's lines and pump station had already been installed.

It was stipulated that in the beginning Mid-Continent transported approximately 8,000 barrels of crude oil through the pipeline and pump each month, and that at the time of trial approximately 16,000 barrels were being transported each month through the line and pump.

On February 8, 1961, when the defendant, Olna Emerson, threatened to take possession by force and violence Mid-Continent had been in peaceable possession of defendants' land for approximately two and one-half years.

In Burnett v. Sapulpa Refining Co., 59 Okl. 276, 159 P. 360, we held in the fourth paragraph of the syllabus, as follows:

"Where an oil refinery is in the actual possession of a certain tract of land

claiming the title thereto, and a party sets up an adverse claim thereto and takes forcible possession thereof, and, having been ousted, threatened to return and again take forcible possession, and there is a reasonable probability of said threats being executed, the said party should be restrained by means of injunction until the title to said property is determined by the proper legal procedure."

In Montgomery v. Coleman-Nelson Gasoline Co., 130 Okl. 14, 264 P. 895, we held:

"The law is well settled that a court of equity will not interfere by injunction with the possession of a party for the purpose of transferring the possession to another."

See also Bradley v. Renfrow, 184 Okl. 25, 84 P.2d 430; Midland Valley R. Co. v. Imler, 101 Okl. 298, 225 P. 919; Deskins v. Rogers, 72 Okl. 274, 180 P. 691; and Glasco v. School Dist. No. 22, McClain County, 24 Okl. 236, 103 P. 687.

As heretofore noticed Mid-Continent did not ask that its title be determined, but merely prayed that the defendants be enjoined from interfering with its possession. In Bradham v. Johnson, 195 Okl. 275, 156 P.2d 806, we quoted with approval from 32 C.J. page 134, Sec. 178(3) as follows:

"Since, ordinarily, an injunction will not lie as an original and independent proceeding to determine the title to land, and is not a proper substitute for an action of ejectment or forcible entry and detainer in the absence of some statutory provision to the contrary, the rule is that an injunction will not issue, the effect of which will be to take land out of the possession of one party and put it in the possession of another, at least until complainant's title had been established at law."

■ See also Milliken v. Smith, 120 Okl. 211, 214, 251 P. 84, wherein we considered whether an injunction may be utilized where a party has an adequate remedy at law. Therein we noted with approval two Oregon cases holding that an injunction is not the proper remedy to determine a contested title. In 28 Am.Jur. Injunctions § 75, it is said that in the absence of an emergency an injunction suit cannot legitimately be used to determine title to property or property rights, or to recover the possession of real or personal property, the legal remedy being adequate.

In the instant case Mid-Continent had been in peaceable possession of a portion of defendants' land for nearly two and one-half years. It was the defendants who were out of possession and sought to regain possession.

■ Mid-Continent contends that defendants' sole remedy is an action in reverse condemnation. Defendants contend that Mid-Continent has a remedy by condemnation. Whether defendants will be able to regain possession in a subsequent proceeding, or will be limited to an action in reverse condemnation, is not a decisive issue in this case and is not determined. We do hold that threat of force and violence is not a proper remedy to obtain possession and such action should be enjoined.

Unless an injunction is granted in this case the damages to be sustained by plaintiff and those whom it serves will be substantial. Plaintiff's possession should be maintained until the substantive and permanent rights of the parties may be determined by appropriate proceedings. We do not forecast or direct what action should be taken by either of the parties, but we do hold that plaintiff's peaceable possession should be maintained until appropriate relief may be granted in a proper proceeding.

The judgment of the trial court is reversed with instructions to the trial court to enjoin the defendants from interfering with plaintiff's operation and maintenance of its pipeline and pump station until such time as the substantive rights of the parties may be adjudicated in a proper proceeding.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON and IRWIN, JJ., concur.

WILLIAMS and BERRY, JJ., dissent.