**William Douglas BRADFORD, Appellant,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Appellee.**

**No. 16570.**

United States Court of Appeals
Ninth Circuit.

May 5, 1960.

William D. Bradford, in pro. per.

Thomas G. Meeker, General Counsel, David Ferber, Asst. Gen. Counsel, Theodore Zimmerman, Attorney, Securities & Exchange Commission, Washington, D. C., for appellee.

Before CHAMBERS, BARNES and JERTBERG, Circuit Judges.

PER CURIAM.

Appellant has been permanently enjoined as follows:

"It is ordered, adjudged and decreed, that the defendant, William Douglas Bradford, his agents, servants, employees, attorneys and assigns, and each of them, and all persons acting in concert or participation with them, be and they hereby are permanently restrained and enjoined from directly or indirectly making use of the mails or of any means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities while or at a time when the defendant has failed or refused to make and keep current the books and

records relating to his business in securities as required by Rule 17 CFR 240.17a–3; and

"It is further ordered, adjudged and decreed that the defendant William Douglas Bradford, his agents, servants, employees, attorneys and assigns, and each of them, be and they are hereby restrained and enjoined from directly or indirectly making use of the mails or any of the means or instrumentalities, of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities while or at a time when the defendant has failed or refused to file a report of financial condition for the calendar year 1958 in accordance with the requirements of Rule 17 CFR 240.17a–5."

The Securities and Exchange Commission's complaint stems mainly from the fact that "[t]he books and records maintained by defendant [appellant and broker] consist of two suitcases containing numerous loose and unassembled papers without intelligible arrangement or organization." Also, he was in default at the time of trial in filing with the commission his required report of financial condition. See 15 U.S.C.A. § 78o(b), § 78q(a), 15 U.S.C.A. § 78w(a), and Rule 17, CFR 240.17a–5.

An examination of the record in the case indicates that it was not less than a question of fact whether or not adequate records were kept. And this court cannot say that the trial court's findings were clearly erroneous.

An action for an injunction is authorized by 15 U.S.C.A. § 78u(e). Appellant contends, inter alia, that he was deprived of a jury trial. None is provided for in the act. The particular action was not known at common law. And if it had been, it would have been one in equity.

Even though, as appellant says, the government suffers no irreparable injury here, no such showing is required in these statutory actions. Bowles v. Huff, 9 Cir., 1944, 146 F.2d 428.

Appellant chafes at the discipline of the act. Although one cannot cite line or page of his briefs to prove it, still, underlying his arguments, it would seem, is the burden that Congress shouldn't have passed the Securities Exchange Act of 1934, 48 Stats. 881, and the courts should not have held it constitutional.

This court cannot review the wisdom of Congress in passing an act, and the constitutionality of the act and its several provisions have been consistently upheld since McMann v. Securities and Exchange Commission, 2 Cir., 87 F.2d 377, 109 A.L.R. 1445, certiorari denied, McMann v. Engle, 301 U.S. 684, 57 S.Ct. 785, 81 L.Ed. 1342.

The judgment is affirmed.