SECURITIES AND EXCHANGE COMMISSION, Appellee,

v.

TAX SERVICE, INC., and John C. Bennett, Trustee for Tax Service, Inc., Appellants.

No. 10104.

United States Court of Appeals Fourth Circuit.

Argued Jan. 3, 1966.

Decided Feb. 24, 1966.

John C. Bennett, appellant, pro se.

Walter P. North, Associate Gen. Counsel, S. E. C. (Philip A. Loomis, Jr., Gen. Counsel, Meyer Eisenberg, Sp. Counsel, and David J. Myerson, Atty., S. E. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

PER CURIAM.

The District Court permanently enjoined defendants, Tax Service, Inc., and John C. Bennett, from making use of any means or instruments of interstate commerce or of the mails to sell or offer for sale unregistered shares of common or preferred stocks of Tax Service, Inc.[1] The Commission in its complaint asserted, and the District Court found, that such securities were being sold in violation of sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C.A. §§ 77e (a) and 77e(c), and that the offers to sell the securities did not constitute a "private offering" exempted by section 4(1), 15 U.S.C.A. § 77d(1), from the registration requirements of section 5.

Defendant, Tax Service, Inc., published and sold directly to purchasers three sets of "Tax Calculators," each of which contained a series of tables for use by attorneys, accountants or other persons engaged in the preparation of income tax returns. Designed by defendant Bennett, the "Calculators" were sold by direct mail to subscribers all over the country.

In an attempt to finance the publication, marketing, and sale of these tax services, the issuer offered to sell shares of the common and/or preferred stock in Tax Service, Inc., for $10.00 per share. The offer was made through the mails and in interstate commerce and was ostensibly restricted to approximately 800 purchasers of or subscribers to the issuer's publications. These offerees resided in nearly every state in the United States. Thereafter, it appears that the offer was extended to include the members of the Mecklenburg County Bar in general, without regard to their status as purchasers or subscribers.

When the Securities and Exchange Commission by letter advised the issuer of the registration requirements of section 5 of the Securities Act, and Mr. Bennett replied that he intended not to register, the Commission thereupon instituted an action in the District Court for an injunction, pursuant to section 20(b) of the Act, 15 U.S.C.A. § 77t(b).

We agree with the District Court that the offers to sell did not fall within the "private offering" exemption of section 4(1). The "private offering" exemption exempts "transactions by an issuer not involving any public offering." In Securities and Exchange Commission v. Ralston Purina Co., 346 U.S. 119, 73 S.Ct. 981, 97 L.Ed. 1494 (1953), the Supreme Court concluded that the exemption was intended to apply where the "particular class of persons affected" does not need "the protection of the Act," 346 U.S. at 125, 73 S.Ct. at 984, and the "exemption question turns on the knowledge of the offerees." 346 U.S. at 126, 73 S.Ct. at 985. Thus where the class of offerees has neither knowledge of nor "access to the kind of information which registration would disclose," the offerees are in need of the protection of the Act and the full disclosure derived from compliance with section 5. 346 U.S. at 127, 73 S.Ct. at 985.

The mere fact that the offerees were attorneys or subscribers to the issuer's publications has no bearing on the critical question respecting the offerees' access to the kind of information which would be made available to them by registration. Obviously, familiarity with the issuer's publications would not connote familiarity with the issuer's financial status. In view of the issuer's failure to establish specifically that the individuals within the class of offerees were in a special position with respect

---

1. Appellants, Tax Service, Inc., and John C. Bennett, are hereafter collectively referred to as "issuer."

to knowledge of or access to the information which registration would provide, it is plain that appellants have failed to sustain the burden of proof which the Supreme Court found in *Ralston Purina* was "fair and reasonable" to impose "on an issuer who would plead the exemption." 346 U.S. at 126, 73 S.Ct. at 985.

Manifestly without substance is the contention that the injunction should not have issued because the Commission failed to prove irreparable injury and failed to post an indemnity bond. A successful suit by the Commission to enjoin violation of the registration requirements of the Act does not require a showing of irreparable damage. See Bradford v. Securities and Exchange Commission, 278 F.2d 566 (9th Cir. 1960); Shafer v. United States, 229 F.2d 124 (4th Cir.), cert. denied, 351 U.S. 931, 76 S.Ct. 788, 100 L.Ed. 1460 (1956). Contrary to the appellants' contention respecting the bond issue, section 20(b) specifically provides that no bond is required.

The order of the District Court is Affirmed.