OKLAHOMA SECURITIES COMMIS-
SION ex rel. Bruce W.
DAY, Appellant,

v.

CFR INTERNATIONAL, INC.; CFA, Inc.;
CFR of California, Ltd.; James Simon,
Charles Shadid, E. V. Proudfoot, Jack
Tisdal, Appellees.

No. 52491.

Court of Appeals of Oklahoma,
Division No. 1.

Oct. 14, 1980.

Released for Publication by Order of
Court of Appeals Dec. 18, 1980.

York, Book 7B pgs. III-IV.

Carol A. Burke, Oklahoma City, for appellant.

James B. Browne, Oklahoma City, for appellees CFR Inter., Inc. and Charles Shadid.

Gary B. Homsey, Oklahoma City, for appellees CFR of California, Ltd. and James Simon.

Kornfeld, McMillin, Phillips & Upp by Brian H. Upp, Oklahoma City, for appellees E. V. Proudfoot, CFA, Inc. and Jack Tisdal.

ROMANG, Judge:

Pursuant to 71 O.S.1971, § 406, this action was initiated by the Administrator of the Oklahoma Department of Securities and for the Oklahoma Securities Commission (hereinafter plaintiff). The Petition alleged, *inter alia*, as follows:

9. All Defendants are now and have been engaged directly or indirectly in the issuance, offer and sale in Oklahoma of securities of Defendant CFR of California, Ltd. to-wit: interests in limited partnerships, an instrument commonly known as a security under Section 2(20) of the Oklahoma Securities Act.

10. That the records of the Oklahoma Department of Securities fail to disclose that the limited partnership interests of Defendant CFR of California, Ltd. or any other security being offered by Defendants, is registered as required by Section 301 of the Act.

11. The records of the Oklahoma Department of Securities fail to disclose that any of the Defendants are registered as broker-dealers or as agents of the corporate defendants as required by Section 201 of the Act.

.    .    .    .    .

14. Defendants, acting singly and in concert, aiding and abetting each other, in connection with the sale of the securities above-described, omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

Plaintiff's prayer for relief includes the following:

2. A temporary injunction enjoining and restraining Defendants from the

same acts and conduct set forth in the foregoing paragraph until the conclusion of the court hearing on the permanent injunction sought herein.

3. A permanent injunction forever enjoining and restraining all Defendants from making false and misleading statements or failing to disclose material facts necessary to prevent all statements made from being misleading, in connection with the sale of securities, in violation of Section 101 of the Oklahoma Securities Act; enjoining and restraining all Defendants from selling and offering to sell unregistered securities in violation of Section 301 of the Oklahoma Securities Act; and enjoining and restraining all Defendants from acting as unregistered securities agents or broker-dealers in violation of Section 201 of the Oklahoma Securities Act.

On the date the Petition was filed, May 8, 1978, a temporary restraining order was granted in an *ex parte* hearing against all defendants and a show cause hearing was set for June 5, 1978.

On that date, the show cause hearing was held before the acting Chief Judge of the District Court of Oklahoma County. Dr. S, who had paid $15,000 for an interest in the securities in question, testified at length.

Mr. Duke, an examiner of the Oklahoma Securities Commission, also testified, and a certificate of the Administrator of the Oklahoma Department of Securities certifying the non-registration of the securities involved and the non-registration of four of the defendants was introduced into evidence. No objection was made to the admission of said Certificate and, even if there had been objection, it was admissible. See *State v. Freeman*, Okl., 440 P.2d 744.

Defendants introduced no evidence but they joined in a demurrer to plaintiff's evidence, which was sustained by the trial judge. The transcript shows the following:

THE COURT: Demurrers of all Defendants are sustained; exceptions allowed.

This case is ordered dismissed.

Plaintiff has appealed. The question is whether the trial court erred in sustaining the demurrer to the evidence and dismissing the action. We hold that the court erred on both counts.

Plaintiff's evidence shows conclusively the sale of an unregistered security by four unregistered agents.

Title 71 O.S.1971, § 201 reads in part:

(a) It is unlawful for any person to transact business in this state as a broker-dealer or agent unless he is registered under this act.

Title 71 O.S.1971, § 301 further provides:

It is unlawful for any person to offer or sell any security in this state unless (1) it is registered under this act or (2) the security or transaction is exempted under section 401.

Title 71 O.S.Supp.1978, § 401(e) states:

(e) In any proceeding under this act, the burden of proving an exemption or an exception from a definition is upon the person claiming it.

In *Nelson v. State*, Okl.Cr., 355 P.2d 413 (1960), the court said:

[T]he purpose of the Act . . . is to protect the public against blue-sky promotions, and promoters, and other stock transactions not otherwise covered by law. The burden is placed upon the offeror or seller of stock to ascertain if the security may be sold lawfully.

In *S. E. C. v. Management Dynamics, Inc.*, 515 F.2d 801 (2d Cir. 1975), regarding Federal Securities laws, the court stated:

Certainly the Commission of illegal conduct is highly suggestive to the likelihood of future violations . . . Moreover, appellate courts have repeatedly cautioned that cessation of illegal activity does not *ipso facto* justify the denial of an injunction.

In *Bradford v. Securities and Exchange Commission*, 278 F.2d 566 (9th Cir. 1960), the court held that no showing of irreparable injury is required in statutory actions for injunction.

Here, the unrefuted proof of an unregistered security by unregistered agents was all that was necessary for the granting of the temporary injunction requested.

We hold that the trial court erred in not granting a temporary injunction until a hearing could be had on the permanent injunction requested.

The remaining error is in dismissing the action. Even if the trial court had not erred in refusing to continue a temporary injunction, it would have been error to dismiss the action as regards the issues surviving, which were the permanent injunction and the payment over of monies received as a result of alleged unlawful solicitation and sale of securities. See *Sooner State Dairies, Inc. v. Townley's Dairy Company*, 406 F.2d 1328 (10th Cir.).

In *Head v. Carlton*, 100 Okl. 292, 229 P. 178, the syllabus states:

> On hearing an application for a temporary injunction, in a case where injunctive relief is ancillary to the principal cause of action, and without waiver on part of plaintiff to hear cause on the merits, it is error to dismiss the petition.

Here, there was no waiver on the part of the plaintiff. The record shows that June 5, 1978 hearing was only a show cause hearing on the temporary injunction granted by the *ex parte* order.

Rule 13 of the District Courts provides for summary judgment under certain conditions, and 12 O.S.1971, § 683 sets out the grounds for dismissal of actions, but neither obtains in the present case.

By virtue of the foregoing, the judgment of the trial court in sustaining defendants' demurrer to the evidence and dismissing this action, is reversed.

The "Motion to Dismiss Appellee, Charles Shadid," filed September 23, 1980, is hereby overruled.

The "Motion to Strike Portions of Brief" filed by Charles Shadid, James Simon, CFR International, Inc. and CFR of California, Ltd., filed September 14, 1979, is overruled.

The "Motion of Respondents," CFR of California, Ltd., and James Simon, filed on June 2, 1979, is overruled.

The restraining order granted by the trial court on May 8, 1978, is hereby reinstated, and shall continue in effect until this matter can be heard on the permanent injunction requested. The trial court is directed, upon remand, to set this case for hearing at the earliest possible date on said permanent injunction and other relief requested.

REVERSED AND REMANDED WITH INSTRUCTION.

REYNOLDS, P. J., and BOX, J., concur.